## GULF, C. & S. F. RY. CO. v. TAYLOR.

No. 2547.    Opinion Filed February 18, 1913.

(130 Pac. 574.)

1. **MASTER AND SERVANT**—Injury to Servant—Negligence of Fellow Servant. Under section 36, art. 9, of the Constitution (section 254, Williams' Ann. Const. Okla.), "the common-law doctrine of the fellow servant, so far as it affects the liability of the master for injuries to his servant, resulting from the acts or omissions of any other servant or servants of the common master, is ab-

rogated as to every employee of every railroad company and every street railway company or interurban railway company, and of every person, firm or corporation engaged in mining in this state; and every such employee shall have the same right to recover for every injury suffered by him for the acts or omissions of any other employee or employees of the common master that a servant would have if such acts or omissions were those of the master himself in the performance of a nonassignable duty." And in an action by an employee of a railroad company for personal injuries caused by the negligent acts of a fellow servant, where the plaintiff shows in his petition that he was acting within the scope of his employment, and in a careful and prudent manner and wholly without fault in the premises, and that the injuries complained of were the direct and proximate result of the negligent acts of a fellow servant, showing clearly of what the acts consisted and alleging that such acts were recklessly, carelessly, and negligently done, such allegations are sufficient to bring plaintiff within, and to state a cause of action under, the foregoing section of the Constitution.

2. **TRIAL—Review—Insufficient Instruction.** Where the instructions of the court when taken as a whole and construed as one entire charge correctly state the law applicable to all the material issues involved in the case, a judgment will not be reversed, although some paragraph of the instructions standing alone may not fully state the law.

3. **SAME—Refusal of Instructions.** A judgment will not be reversed for refusal to give a requested instruction, although such requested instruction may correctly state the law, if the law applicable to the facts involved is correctly covered by the court's charge.

4. **APPEAL AND ERROR—Review—Verdict—Conflicting Testimony.** A verdict based upon conflicting testimony will not be set aside where the evidence reasonably tends to support such verdict.

(Syllabus by Harrison, C.)

*Error from the District Court, McClain County; R. McMillan, Judge.*

Action by L. R. Taylor against the Gulf, Colorado & Santa Fe Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*Cottingham & Bledsoe, J. W. Hocker,* and *George M. Green,* for plaintiff in error.
*Wadlington & Wadlington,* for defendant in error.

Opinion by HARRISON, C. This action was begun July 22, 1909, by L. R. Taylor against the Gulf, Colorado & Santa Fe Railway Company for damages in the sum of $1,990 alleged

to have been caused by the carelessness and negligence of defendant through its agents. At the time of the alleged injury the plaintiff was in the employ of defendant in the capacity of an ordinary section hand, and as such was under the authority and direction of a section foreman or boss. He alleged in his petition that his duties as such section hand consisted in repairing the road, leveling the track, and keeping it in perfect condition under the supervision of the section boss; that on the day of the injury he and another section hand were directed to remove some railroad ties; that, in order to put them where they were directed to be placed, it was necessary to carry them up an embankment and load them on a push car; that in carrying them it was necessary for one man to take hold of one end and the other man to take hold of the other end of the tie; that the particular tie, in the handling of which plaintiff received the alleged injury, was a very heavy tie; that plaintiff was directed to take hold of one end and his coemployee directed to take hold of the other; that he picked up one end, the heavy end of the tie, and his coemployee picked up the other; that in starting up the embankment the coemployee recklessly, carelessly, and negligently shoved and pushed such tie toward plaintiff with such force as to cause plaintiff to fall, thereby brusing his groins and straining and disabling him in the back and causing the injuries complained of, which injuries, it was alleged, were the proximate result of the carelessness and negligence of said coemployee in thus shoving the tie while it was in their arms and being carried up the embankment; that by reason of such injuries he was so disabled that he was unable to labor for a long period of time and was permanently injured to the extent that his earning capacity was reduced to one-half of what it was prior to the injury; that before the injury he was earning $40 per month; that since such injury he could only earn about half such sum; that the aggregate of the different items of damage amounted to $1,990. Defendant answered by general denial and for further defense alleged that, if plaintiff was injured to the extent alleged in his

petition, such injuries were the result of his own contributory negligence, and further alleged that plaintiff was an experienced man in the line of work in which he was employed, and that as such knew the dangers incident to such employment and assumed the ordinary risks thereof. Plaintiff replied denying generally the allegations in the answer, and specifically denying the allegations as to contributory negligence and assumption of risk. The cause was tried and submitted to the jury October 20, 1910, and a verdict returned in favor of plaintiff in the sum of $200. Upon which judgment was rendered, and, from which judgment and order overruling motion for new trial, the railroad company appeals upon six specifications of error. These specifications of error, however, are all disposed of under three propositions, viz.: First, whether the issues of law and fact involved were sufficiently covered by the court's charge. Second, whether the court erred in refusing certain instructions offered by defendant. Third, was the evidence sufficient to support the verdict of the jury?

Plaintiff in error contends that the alleged injuries, if received at all, were caused by the acts of a fellow servant, and that the defendant could not be held liable for such injuries because plaintiff had failed to allege that such fellow servant was inexperienced and incompetent and that the company was liable by reason of its negligence in keeping such incompetent fellow servants and employees in its employment, and cites a number of decisions in support of such contention. These decisions, however, are not in point here, nor can such contentions be sustained for two reasons: First, because such defense was not made an issue by the pleading. Such fact was not made a defense in the answer. Second, because the plaintiff did not base his right of recovery on the theory that the injuries were the result of defendant's negligence in keeping incompetent employees and fellow servants, but based his cause of action upon the negligent acts of a fellow servant and sought recovery under section 36, art. 9, of the Constitution, which reads:

"The common-law doctrine of the fellow servant, so far as

it affects the liability of the master for injuries to his servant, resulting from the acts or omissions of any other servant or servants of the common master, is abrogated as to every employee of every railroad company and every street railway company or interurban railway company, and of every person, firm, or corporation engaged in mining in this state; and every such employee shall have the same right to recover for every injury suffered by him for the acts or omissions of any other employee or employees of the common master that a servant would have if such acts or omissions were those of the master himself in the performance of any nonassignable duty.  *   *   *"

We think the plaintiff brought himself clearly within the right of recovery given by the foregoing section of the Constitution by the allegation that after they had picked up the tie in question and started up the embankment towards the truck, "and while plaintiff was exercising ordinary care, and while acting in a careful and prudent manner as a prudent man should act, plaintiff, in obedience to the instruction of said foreman, took hold of said railroad tie and lifted the same from the ground and had same in his arms, while plaintiff was thus situated and holding said tie and attempting to load same on said car, one ................ (Dove Stump), a fellow servant of plaintiff, immediately took hold of the other end of the tie plaintiff was holding and recklessly, carelessly, and negligently pushed said tie heavily against plaintiff, throwing plaintiff heavily against the ground and violently pitching plaintiff upon the ground, thereby dangerously wounding and bruising plaintiff about the legs, hip, groins, and small of plaintiff's back.  Plaintiff alleges that his injuries were caused by the negligent and careless acts of, and was the  result of the careless acts of, a fellow servant of the defendant railway company and the agent and servant of said defendant."  This allegation, in connection with other allegations in the petition, states a cause of action under this section of the Constitution.  See section 254, Williams' Ann. Const. Okla., and authorities cited in notes; also, *Coalgate v. Bross,* 25 Okla. 244, 107 Pac. 425, 138 Am. St. Rep. 915, wherein the foregoing section of the Constitution is construed.

As to the alleged errors in the instructions, we have closely examined the court's charge, and, considering it as one entire charge, find that it contains no reversible error. The court states the issues to the jury with reasonable fairness and fullness. It presents the issue of negligence and places the burden upon the plaintiff to prove same by a preponderance of the evidence, defining what is meant by "preponderance." It also presents the issue of contributory negligence and places the burden of proving same upon the defendant. Likewise the doctrine of the assumption of risk is presented in a manner altogether fair to defendant. Considerable stress is laid upon paragraph 3 of the court's charge, as well as upon other paragraphs embodying the same thought. Paragraph 3 is as follows:

"If, however, you find in this case that the plaintiff was hurt and the hurt complained of was brought on or contributed to by a fellow servant, Dove Stump, and was not such a hurt as would occur in the ordinary discharge of his duties, then I instruct you that the master is responsible for the result of such hurt or injury and the damages arising therefrom, whatever they may be."

This instruction, standing alone, might be too limiting in its scope, and to that extent prejudicial, but, read in connection with the entire charge, it clearly means that, if the injury complained of was brought on by the *negligent* acts of a fellow servant, in such case the master would be responsible, and considering the charge as a whole, construing all the paragraphs thereof in connection with each other and as one entire charge, we believe the law was fairly stated. *Snyder v. Stribling,* 18 Okla. 168, 89 Pac. 222; *Grant v. Milam,* 20 Okla. 672, 95 Pac. 424; *Enid City Ry. Co. v. Reynolds,* 34 Okla. 405, 126 Pac. 193.

Nor can the judgment be reversed because of the court's refusal to give the instructions requested by defendant. The law applicable to the material issues involved was presented to the jury with reasonable fullness and fairness in the court's charge. In such cases the judgment will not be reversed for refusal to give a requested instruction, although the instruction requested may correctly state the law. *Enid City Ry. Co. v.*

*Reynolds,* 34 Okla. 405, 126 Pac. 193; *McMaster v. Bank,* 23 Okla., 550, 101 Pac. 1103, 138 Am. St. Rep. 831; *Finch v. Brown,* 27 Okla. 217, 111 Pac. 391; *Ellett-Kendall Shoe Co. v. Ross,* 28 Okla. 697, 115 Pac. 892; *Pioneer Tel. & Tel. Co. v. Davis, Adm'r,* 28 Okla. 783, 116 Pac. 432.

The remaining proposition is whether the verdict is supported by the evidence. There is some irreconcilable conflict in the testimony of the plaintiff and the witness Dove Stump, who was assisting plaintiff in carrying the tie, as to whether Stump was in fact guilty of the negligent acts relied upon and testified to by plaintiff. Plaintiff testified that Stump pushed the tie against him and threw him down. Stump denied this. This was a material fact in determining the liability of the company and one which rested upon the credibility of the witnesses. The jury heard the testimony and saw the witnesses while testifying. They were the exclusive judges of the testimony, the credibility of the witnesses, and the weight to be given to their testimony, and were so charged by the court, and having heard such testimony and determined the credibility of the witnesses and expressed their conclusion therefrom in their verdict, inasmuch as the evidence reasonably tends to support such verdict, it will not be set aside by this court. *Covington v. Fisher,* 22 Okla. 207, 97 Pac. 615; *C., R. I. & P. Ry. Co. v. Mitchell,* 19 Okla. 579, 101 Pac. 850; *Loeb v. Loeb,* 24 Okla. 384, 103 Pac. 570; *Bird v. Webber,* 23 Okla. 583, 101 Pac. 1052; *C., R. I. & P. Ry. Co. v. Broe,* 23 Okla. 396, 100 Pac 523; *Armstrong, Byrd & Co. v. Crump,* 25 Okla. 452, 106 Pac. 855; *Kaufman v. Boismier,* 25 Okla. 252, 105 Pas. 326.

From an examination of the record we believe the plaintiff brought himself within the provisions of section 36, art. 9, of the Constitution; that the law applicable to the issues involved in the case was given to the jury with reasonable correctness by the court; and that the evidence reasonably tends to support the verdict.

The judgment of the lower court should be affirmed.

By the Court: It is so ordered.