## CEASE v. RENSHAW.

No. 31685. Jan. 30, 1945.

Rehearing Denied March 13, 1945.

*156 P. 2d 617.*

John R. Woodard, of Tulsa, for plaintiff in error.

Chas. R. Nebitt, of Tulsa, for defendant in error.

CORN, J. This is an appeal to this court from the court of common pleas of Tulsa county from an appeal from the justice of peace to that court.

The plaintiff in her amended bill of particulars set forth that she was the owner and entitled to the immediate possession of one Easy Electric Washing Machine of the value of $75. That the defendant was unlawfully retaining the same, although she had made proper demand for return of said machine; that she had been damaged in the sum of $18 on account of such unlawful retention and asks for $25 attorney's fee.

The defendant filed an answer in the nature of a general denial and also asks for affirmative relief, that the machine had been turned to him by the plaintiff about six months prior to the institution of this action, and he had done work and placed repairs on said machine to the amount of $40.14.

After a trial upon the issues thus joined, the jury returned a verdict for possession of the washing machine or the value of $75, $18 damages and $25 attorney's fee.

It is the contention of the defendant that he had a lien on the washing machine for work and repairs and that he had placed thereon before this replevin action was brought, and it was contended by the plaintiff that the repairs and work, if any, were done after the action was brought, and on this issue the court gave the following instruction, without objections of the defendant:

"No. 3. You are therefore instructed, gentlemen of the jury, that if you find and believe, from a preponderance of the evidence that the defendant had performed labor and work on the washing machine, before the institution of this action in justice court, then your verdict would be for the defendant, without stating any amount of recovery therein. On the other hand, if you fail to so find, then your verdict should be for the plaintiff for the possession of the electric washing machine in question, or value in lieu thereof in such a sum as you find its value to be in case possession cannot be had, and for any damages you so find for the wrongful detention thereof, not to exceed the amount sued for, and any attorney fee that you find would be reasonable for the benefit of the plaintiff in this case, not to exceed the amount sued for of $25.00."

Defendant contends he was entitled to affirmative relief in the enforcement of his lien, when, under the facts as established by the verdict, he had no lien to enforce or foreclose. Therefore, the trial court could under no circumstances have committed error in denying affirmative relief upon a claim which was not established by the facts. The verdict of the jury is conclusive.

The defendant contends: .

"The court erred in refusing to instruct the jury to the effect that the jury could find from the evidence that defendant had a lien and could refuse to turn over the personal property in controversy until such lien was paid. In other words, the court committed error in refusing to give requested instruction No. 2."

The records reflect that the trial court gave an applicable instruction on the material issues. A judgment will not be reversed for refusal to give a requested instruction, although such requested instruction may correctly state the law, if the law applicable to the facts involved is correctly covered by the court's charge.

See Seay v. Plunkett, 44 Okla. 794, 145 P. 496; and also Gulf, C. & S. F. Ry. v. Taylor, 37 Okla. 99, 130 P. 574.

The defendant makes other contentions, but they are without substantial merit.

Judgment of the trial court affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, DAVISON, and ARNOLD, JJ., concur.