## MUSKOGEE ELECTRIC TRACTION CO. v. PATTERSON.

### No. 2604.   Opinion Filed April 15, 1913.

### (131 Pac. 702.)

**APPEAL AND ERROR—Review—Conflicting Evidence.**  The evidence on the issues as joined being in conflict and the cause having been submitted to the jury under proper instructions, and it not appearing that the verdict is excessive, the same will not be disturbed on review in this court.

, (Syllabus by the Court.)

*Error from Superior Court, Muskogee County;*
*Farrar L. McCain, Judge.*

Action by Nellie Patterson against the Muskogee Electric Traction Company.  Judgment for plaintiff, and defendant brings error.  Affirmed.

*N. A. Gibson, H. C. Thurman,* and *T. L. Gibson,* for plaintiff in error.

*Brown & Stewart* and *J. H. Lilley,* for defendant in error.

WILLIAMS, J.  The defendant in error, as plaintiff, sued the plaintiff in error, as defendant, for damages, alleging that the "plaintiff was a passenger on one of defendant's cars operated * * * on Broadway, city of Muskogee, Okla.; that, near the intersection of Second street and the said Broadway, plaintiff signaled to the conductor in charge of said car to stop the same for the purpose of allowing plaintiff to alight therefrom; that said car was thereupon stopped and said plaintiff attempted to alight, but that through the negligence and carelessness of the motorman or the conductor, or both of them, said conductor and motorman being then and there the agents and employees of the defendant, said car was started while the plaintiff was in the act of alighting therefrom, and plaintiff was thrown violently to the pavement by

reason of the starting of said car as aforesaid; that plaintiff was seriously injured by being thrown as aforesaid to the pavement; that her right ankle was badly sprained and that she suffered great bodily pain thereby." Defendant answered by general denial. After trial a verdict was returned in favor of the plaintiff in the sum of $700.

By proceeding in error, the action of the lower court is now properly here for review. The questions raised are: (1) The refusal of the court to direct a verdict in favor of the company; (2) as to whether the verdict is excessive on account of prejudice and passion.

The plaintiff testified that she boarded the car and "gave them the signal to have them stop the car at Second street, and the car ran to the east side of the street and stopped and I attempted to alight. I got on the running board and they started up and threw me down on the street with my right foot doubled under me; by that time they had run the length of the car, possibly a little more." She further testified that she was ill about 40 days and that the injury was painful; that she could not put her foot to the floor for 30 days, but at the end of that time she was able to put the same on the floor, but could not stand her weight on it; that, at the time of the trial, she could not walk very much, and if the weather was cloudy it got stiff, and if she went more than six blocks it gave out and she had to sit down and rest; that she wore a supporter that the doctor had had made especially for her foot; that before she was injured she did all of her housework, including cooking, ironing, and sweeping, out now she had to hire somebody to do it. She testified as to the expenditure of $136 for doctor's bill, medicine, and other things she had to have, which was claimed by proper pleading as an element of damage, and that she suffered a nervous shock and a good deal with her back and stomach, and that this continued some time.

Geo. Kirk, another witness on behalf of plaintiff, testified

that he was standing at the corner of Broadway and Second street, at which time he was running a cab line; that the street car stopped and the plaintiff started to get off; as she started to get off, the car started again. There is considerable evidence contradicting this on the part of the defendant as to how the accident happened.

It is a settled rule of appellate procedure in this state that, where there is any evidence reasonably tending to support the verdict of the jury, the same will not be disturbed on review in this court. The trial court refused to set aside this verdict and overruled a motion for a new trial. There is no complaint that the issues were not submitted under proper instructions. On the plaintiff's theory of the case and her supporting evidence, which was evidently believed by the jury, the verdict for $700 was not excessive.

The judgment of the trial court must be affirmed.

All the Justices concur.