## WADE v. RAY.

No. 3290. Opinion Filed December 20, 1913.

Rehearing Denied March 10, 1914.

(139 Pac. 116.)

1. **APPEAL AND ERROR—Review—Conflicting Evidence.** Where the evidence is conflicting, but fairly supports the verdict returned by the jury, such verdict will not be disturbed on appeal.

2. **SALES—Action on Note—Instructions as to Set-Off.** Instructions examined, and held to fairly present the issues in the case, and to correctly declare the law applicable thereto.

(Syllabus by Brewer, C.)

*Error from County Court, Oklahoma County;*
*Sam Hooker, Judge.*

Action by T. H. Ray against M. E. Wade. Judgment for plaintiff, and defendant brings error. Affirmed.

*Munden & Horton,* for plaintiff in error.

*Grant Stanley,* for defendant in error.

Opinion by BREWER, C. This suit is on a note for $176. The plaintiff below, Ray, was awarded judgment for the sum claimed on the verdict of a jury. The defendant below, Wade, appeals.

The note was in the form frequently used by venders of farming implements and machinery, and contained a clause reserving title in the vendor, and providing that, under certain con-

ditions named, the vendor could retake the chattels sold, and sell the same and apply the proceeds as a credit on the note. The blank for a description of the chattels was not filled in. The defendant admitted the execution and delivery of the note, and set up as a defense that the note was given for certain articles of machinery, and that under the terms of the note the plaintiff demanded a return of the articles or implements, and that defendant returned to plaintiff *"all, or practically all, of said tools."* This was not a complete defense to the note. It probably falls under that class of averments denominated as a "negative pregnant," and if it can be considered as tendering an issue, it was no more than an admission of some liability, with an averment of a right to credits, the amount of which was not definitely known. The court appears to have so treated it.

The burden of proof was assumed properly by defendant, and his evidence tended to prove that on the date of the execution of the note in suit, he returned a number of implements to plaintiff; that plaintiff was to sell them later and credit the proceeds on the note. Plaintiff's evidence was positive to the effect that at the date of the execution of the note in suit, defendant owed him several smaller notes and accrued interest, and an open account for hardware repairing, etc.; that defendant had been owing him on these various items a long time, and had paid him nothing; that defendant returned the implements he claimed to have returned; that they were of small value, because of use and exposure to the weather; that a complete settlement was had between the parties; that he gave defendant credit for his own valuation of the returned tools, deducted this sum from his entire indebtedness, returning to defendant his old notes, and charging off his account, and that defendant executed the note in suit to cover the balance thus found to be still unpaid; that defendant was justly indebted in the full amount of the note in suit.

The only issue that it can be contended was in the case was fairly, clearly, and accurately presented to the jury in the following instructions:

"(3) If you believe from the evidence that there was this agreement as claimed by the defendant between the defendant and plaintiff in reference to this property which was returned, that is, that the plaintiff was to sell the property and credit the same upon the note, the defendant then would be entitled to a credit to the extent of the reasonable value of the property in question at the time the same was delivered to the plaintiff in the condition it was in at that time. That you are to determine from the evidence in this case."

"(7) If you believe at the time of the execution of this note in controversy, sued on in this case, that the parties had a complete settlement between themselves as to all matters that existed between them, and that this note was executed for the payment of the amount then agreed that was due to the plaintiff in this case, your verdict in that event should be for the plaintiff upon the note sued upon, and for the amount sued for by the plaintiff."

The evidence was conflicting; in our judgment that of plaintiff greatly preponderated in probative value. The jury found for plaintiff for the amount of the note. Affirmed.

By the Court: It is so ordered.