## WESLEY v. DIAMOND et al.

No. 3583. Opinion Filed July 14, 1914.

Rehearing Denied December 22, 1914.

(144 Pac. 1041.)

1. **DEEDS—Validity—Question for Court——Action for Cancellation.** Where the cancellation of a deed is sought on the ground that it was not joined in by the husband, and the execution and acknowledgment thereof by the wife is admitted, its validity is a question of law for the court to determine, and is not a proper question to be submitted to the jury.

2. **APPEAL AND ERROR—Verdict—Conflicting Evidence.** Where a deed is attacked on the ground that its execution was a forgery, and the issue of fact as to whether such deed was a forgery is fairly submitted to the jury, and the jury upon conflicting testimony finds that such deed was not a forgery, if the evidence is sufficient to support their finding, the verdict will not be disturbed.

3. **CANCELLATION OF INSTRUMENTS—Action for Cancellation—Instructions—Rents and Profits.** Where plaintiff sues for the cancellation of a deed on the ground that it was a forgery, and for rents and profits alleged to be due from and after the date of such deed, and the court properly submits to the jury the issue as to whether such deed was a forgery, it is not improper for the court to instruct the jury that, if they find from the evidence that such deed was not a forgery, they need not consider the question of rents and profits.

(Syllabus by Harrison, C.)

*Error from District Court, Hughes County;*

*John Caruthers, Judge.*

Action by Mary Ann Wesley against W. D. Diamond and another for the cancellation of certain deeds. Judgment for defendants, and plaintiff brings error. Affirmed.

*Hurst & Nichols* and *Lewis C. Lawson,* for plaintiff in error.

*J. R. Witty* and *Mann, Rogers & Harris,* for defendants in error.

Opinion by HARRISON, C. This action was begun in the district court of Hughes county by Mary Ann Wesley against W. D. Diamond and G. W. Swanson for the cancellation of certain deeds, to wit: One dated October 2, 1906, executed by

Mary Ann Wesley to W. D. Diamond, conveying an undivided one-half interest in a certain tract of land which was an allotment of a deceased child of said Mary Ann Wesley and her husband, Roley Wesley; another was a deed from the plaintiff and her husband, Roley Wesley, to the entire tract in question; and the third was a deed dated September 25, 1908, from defendant Diamond, conveying the same land to his codefendant, Swanson. The respective grounds upon which plaintiff sought cancellation of said deeds were: That the deed of October 2, 1906, from Mary Ann Wesley to W. D. Diamond, was void because on the date of its execution she was a married woman and such deed was not joined in by her husband, and that she was not examined separate and apart from her husband in the acknowledgment of such deed; that the deed dated May 16, 1908, executed by Mary Ann Wesley and her husband to W. D. Diamond, for the entire allotment, was a forgery; and that the deed from Diamond to Swanson, dated September 25, 1908, was void for want of consideration, and was executed by Diamond to Swanson in order to defraud plaintiff of her rights in the land. She further sought recovery for rents and profits from such land from October 2, 1906, to the time of the trial.

The cause coming on for trial, plaintiff having demanded a jury, which was granted, the evidence of the parties was introduced, and the questions of fact submitted to the jury as to whether the deed of May 16, 1908, conveying the entire tract to W. D. Diamond, was a forgery; the court instructing the jury that if they found from the evidence that such deed of May 16, 1908, was a forgery, then they should consider the question of rents and profits under the evidence in the case, and in effect instructing them that if they found from the evidence that such deed of May 16, 1908, was not a forgery, then they need not consider the question of rents and profits. The court further instructed the jury, and properly so, that the execution of the deed of October 2, 1906, from Mary Ann Wesley to W. D. Diamond, to an undivided one-half interest in the land in question, having been admitted, the

validity of such deed was a question of law for the court, and that the jury should not consider same.

The plaintiff alleged in her petition that the deed of May 16, 1908, was a forgery; that she had never signed such a deed; that on said date, May 16, 1908, she had signed an instrument which defendant Diamond represented to her was a statement of the names and ages of her children; and that she had signed no other instrument. When she took the stand as a witness in her own behalf, she testified substantially to the allegations in the petition, namely, that the signing of the paper, purporting to be a statement of the names and ages of her children, was the only instrument she had signed. Upon such instrument being submitted to her in cross-examination, showing same to have been signed and acknowledged on July 18, 1908, she admitted that she had signed same; and upon the deed in question of the date of May 16, 1908, being submitted, she acknowledged that it was her signature, and upon redirect examination she acknowledged to signing another paper, which she maintained defendant Diamond had represented to her was a letter written for some purpose to the appellate courts.

On the other hand, Diamond himself testified, and introduced corroborating testimony tending to show, that the deed in question of May 16, 1908, was read over to her and fully explained, and that she had executed and acknowledged same with full knowledge of its significance and purport. It also appears from the testimony that she was a woman of average intelligence, and could read and write, and that she was seven-eighths white blood. Thus the testimony as to whether or not the deed in question was a forgery was very conflicting. The court submitted this issue to the jury in the following instruction:

"* * * On the other allegations of fraud as set forth in plaintiff's petition, and whether or not the plaintiff did in fact execute the purported deed of the 16th of May, 1908, or whether the same was actually signed by the plaintiff and her hus-

band, Roley Wesley, or whether the same is or is not a forgery, is for you to determine in the light of the instructions here given and the evidence offered by both sides.

"If you believe from the evidence that the deed of May 16, 1908, was in fact signed by the plaintiff and her husband, knowing the same to be a deed to her land, or that she read the same over, or had an opportunity to do so, and that the contents thereof was explained to her before its execution, then you should return a verdict for the defendant. If she executed the deed, and was told by Diamond what the purpose of her signing it was, the mere fact that she did not fully understand all of its terms would not warrant you in setting the deed aside, or in returning a verdict for the plaintiff; nor would you be warranted in finding for the plaintiff upon mere suspicion or allegations of fraud, without clear and positive proof that the execution or signature to the deed was fraudulently obtained.

"But if you believe from a fair preponderance of the evidence that, though the signatures to the deed of May 16, 1908, of the plaintiff Mary Ann Wesley and Roley Wesley were obtained by fraudulent misrepresentations made on the part of Diamond, that the instrument they were signing was another and different instrument containing a statement about the alleged ages of their children, and that the character and contents of the deed was not explained to them, nor they were not told what it was, and they signed the same under the apprehension and belief, from statements made by Diamond, that it related to a paper writing containing the ages and names of their children, or the letter about which the plaintiff has offered testimony, and not the deed, the deed would be a forgery, and void, although the signatures themselves might be genuine; and if you so find you should return a verdict for the plaintiff.

"The fact that the defendant Swanson may have subsequently purchased the land would not protect him as against the plaintiff's right to recover, if you believe from the evidence that the signature of the plaintiff and Roley Wesley were obtained under such circumstances as detailed in the paragraph above."

Under this instruction, after hearing the conflicting testimony offered by the parties to the action, the jury returned a verdict in favor of defendants. Whereupon the court rendered judgment in favor of defendants, and from such judgment plaintiff appeals upon nine assignments of error, each of which

is presented and argued at length under several subdivisions. But as we view the case, under the evidence and the instructions of the court, there is but one material question involved, and that is whether the deed of May 16, 1908, was a forgery. If it was not a forgery, then the land in question was legally conveyed to Diamond, and the question of the deed to the one-half interest, dated October 2, 1906, and the deed from Diamond to Swanson, dated September 25, 1908, and also the question of rents and profits, become wholly immaterial. However, under the authority of *Adkins v. Arnold et al.,* 32 Okla. 167, 121 Pac. 186, the deed of October 2, 1906, from plaintiff to Diamond, was valid as between the parties. But, as stated above, if the jury found under the facts fairly submitted to them that the deed of May 16, 1908, was not a forgery, but was a valid deed, then the question of the first deed to Diamond, and of the deed from Diamond to Swanson, becomes wholly immaterial. We believe the issue as to whether the deed of May 16, 1908, was a forgery was fairly submitted to the jury under the court's instructions; at least we perceive no error in such instructions to plaintiff's prejudice, and the testimony in support of the fact that plaintiff executed such deed with full knowledge of its purport is sufficient, if the jury believed it, to support their finding in favor of defendants.

We find no substantial error in the record, nor any justifiable reason for reversing the judgment.

The judgment, therefore, should be affirmed.

By the Court: It is so ordered.