## CHICAGO, R. I. & P. RY. CO. v. CRIDER.

No. 5769. Opinion Filed November 16, 1915.

(153 Pac. 63.)

1. **APPEAL AND ERROR—Verdict—Conflicting Evidence.** Where, in an action at law, there is conflict in the evidence, and the verdict in favor of the plaintiff is approved by the trial court, this court cannot weigh the evidence and reverse the judgment because the evidence on which the verdict was founded was contradicted by other evidence at the trial.

2. **SAME.** This court has jurisdiction to review a judgment where the verdict on which it is founded is not reasonably supported by the evidence, but by this is meant that, assuming the evidence to be true, it does not reasonably prove the fact, and not that where the evidence is conflicting this court can weigh it, in an action at law.

(Syllabus by Devereux, C.)

*Error from District Court, Comanche County;*
*J. T. Johnson, Judge.*

Action by L. J. Crider against the Chicago, Rock Island & Pacific Railway Company. Judgment for plaintiff, and defendant bring error. Affirmed.

. This was an action for damages alleged to have been received by the plaintiff below by reason of negligence of the defendant, while attempting to board a passenger train of the plaintiff in error at Ft. Sill, en route to Lawton. In consequence of the injury the plaintiff lost his left hand. The jury returned a verdict in his favor in the sum of $700, and after the overruling of a motion for a new trial, the defendant below brings the case to this court by petition in error and case-made, and the only assignments of error presented in the brief are: (1) That the verdict is contrary to law; (2) that the verdict is contrary to the evidence, and not sustained thereby.

C. O. Blake, R. J. Roberts, W. H. Moore, J. G. Gamble, K. W. Shartel, and W. C. Stevens, for plaintiff in error.

J. A. Diffendaffer, for defendant in error.

Opinion by DEVEREUX, C. (after stating the facts as above). It is not necessary to set out the evidence in detail, for the argument of the plaintiff in error is that the testimony of the plaintiff below has been so entirely contradicted that it is not sufficient to support a verdict in his favor. The language of the brief is:

"The testimony of Crider, the plaintiff, was contradicted absolutely, by every witness who testified to a material fact necessary to support his cause of action."

Assuming, but not holding, that this is true, can this court review the verdict of the jury in an action at law, when there is evidence to support it, and when it has been approved by the trial court? It is true that this

court has frequently held that it would review the verdict even when approved by the trial court, when there was no evidence which reasonably tended to support it, but by this is meant that, assuming the evidence to be true, does it show facts sufficient to warrant the verdict, but not that when the evidence is conflicting, this court can say that the jury made a mistake and should have believed one witness rather than another. Plaintiff in error relies upon *St. L. & S. F. R. R. Co. v. Gosnell*, 23 Okla. 588, 101 Pac. 1126, 22 L. R. A. (N. S.) 892, but in that case the court says that there is no material conflict in the evidence, and then holds that on the undisputed facts no negligence had been shown. But in the case at bar, there is admittedly a sharp conflict, and we are asked to weigh the evidence, in an action at law, and decide that both the jury in their verdict, and the trial court in overruling the motion for a new trial, were wrong in the credence they gave to certain testimony. This we cannot do. Article 2, sec. 19, of the Constitution.

There is a class of cases which decide that where a witness testifies to physical impossibilities, as, for instance, that he could clearly see a transaction which took place a mile away from him on a dark night, the jury will not be allowed to found a verdict on such evidence alone, but no question of this kind is presented in the case at bar.

We therefore recommend that the judgment be affirmed.

By the Court: It is so ordered.