### DIMMERS v. REGAN et al.

No. 9140—Opinion Filed Aug. 20, 1918.

(174 Pac. 742.)

(Syllabus.)

1. **Appeal and Error—Verdict—Sufficiency of Evidence—Review.**

In civil actions in which the parties are entitled to a trial by jury, where there is a conflict in the evidence and the verdict of the jury is approved by the trial court, this court cannot weigh the evidence and reverse the judgment because the evidence on which the verdict was founded was contradicted by other evidence at the trial.

2. **Same.**

In such actions this court is authorized to reverse a judgment, where the verdict of the jury on which it is founded is not reasonably supported by the evidence, but this does not mean that where the evidence is conflicting this court will weigh it. but means that, assuming the evidence on which the verdict is based to be true, this court will set the judgment aside, if such evidence does not reasonably prove the facts in issue.

Error from Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Action by W. A. Dimmers, as administrator of the estate of Susan Root, deceased, against John Regan and Neasey Regan, in which Neasey Regan only answered. Judgment for Neasey Regan, motion for new trial overruled, and plaintiff brings error. Affirmed.

W. L. Chapman, for plaintiff in error.

T. G. Cutlip, for defendant in error.

RAINEY, J. This action was instituted in the superior court of Pottawatomie coun-

ty, Okla., by W. A. Dimmers, as administrator of the estate of Susan Root, deceased, against John Regan and Neasey Regan, to recover the sum of $567.50 and attorney's fees alleged to be due on a certain promissory note, and for foreclosure of a real estate mortgage purported to have been executed to secure the indebtedness represented by the note. The defendant John Regan was served, but he did not file any pleadings, nor make any appearance at the trial. His wife and codefendant, Neasey Regan, first filed an answer and then her amended separate answer, duly verified, in which she denied the execution of the note and mortgage, and asserted her homestead right in the property described in the mortgage. In this answer she also denied that she ever acknowledged the mortgage before F. W. Boggs, the notary public before whom the purported acknowledgment was taken, or before any other notary public. The plaintiff filed a reply which, in substance, is a denial of the facts contained in Mrs. Regan's answer. The cause was tried to a jury, which resulted in a verdict signed by nine jurors in favor of Mrs. Regan. The plaintiff's motion for a new trial was overruled, and judgment was rendered pursuant to the verdict, from which the plaintiff has appealed to this court.

The only error assigned and argued is that the verdict of the jury is contrary to the law and the evidence, and is not supported by the evidence. The defendant in error, as a witness for herself, denied that she had signed the note or the mortgage, and further testified that she did not acknowledge the mortgage before Mr. Boggs or before any other person, and that she and her husband had been divorced, and that his whereabouts were unknown. Her daughter, Catherine Burnett, testified that she was acquainted with her mother's handwriting and that of John T. Regan, and had been for some time; that the said John T. Regan was her step-father; that the name of Neasey Regan on the note was not in the handwriting of her mother, but was in Mr. Regan's handwriting; that John T. Regan's signature on the mortgage was in the handwriting of the said John T. Regan, and that she did not think the signature of Neasey Regan on the mortgage was in her mother's handwriting; that it did not look like her signature.

The evidence shows that Mr. Boggs, the notary public, was insane at the time of the trial and was out of the state; but a number of expert witnesses testified in behalf of the plaintiff that the name of Neasey Regan on the note and mortgage was in the same handwriting as that of her admitted signatures on other instruments offered in evidence. There was considerable other evidence in the record, documentary and otherwise, including the fact that Mrs. Regan had made several payments on the note to Mr. W. L. Chapman, attorney for the plaintiff, which would have supported a verdict for the plaintiff. In fact, we are inclined to think that the weight of the evidence, considering all the circumstances in the case, is in favor of the plaintiff. Notwithstanding this fact, we are not at liberty to disturb the verdict, for it is well settled in this jurisdiction that, if there is competent evidence reasonably tending to support the verdict of the jury, although it is in direct conflict with all the other evidence in the case, that the same will not be disturbed on appeal. Rumbaugh v. Rumbaugh, 39 Okla. 445, 135 Pac. 937; Wade v. Ray, 41 Okla. 641, 139 Pac. 116; Chicago, R. I. & P. R. Co. v. Brown, 55 Okla. 173, 154 Pac. 1161; Proctor v. Capps, 67 Okla. 130, 169 Pac. 894.

Counsel for plaintiff in error does not take issue with this rule, but insists in a very earnest argument that the testimony of Mrs. Regan is contradicted and impeached by the witnesses for the plaintiff and the other circumstances in the case, and that her testimony is unworthy of belief. The sincerity of counsel's argument cannot be doubted; but in this jurisdiction, in jury cases, the jurors are the sole judges of the credibility of witnesses and the weight and value to be given to their testimony. It may be, as counsel contends, that the jurors were influenced by the sympathy they felt for Mrs. Regan; but, as the evidence introduced by the defendant was competent and material to the issues, it was the peculiar province of the jury to settle the controverted questions of fact.

The verdict of the jury was approved by the trial court, and a complete answer to counsel's contention is found in Chicago, R. I. & P. Ry Co. v. Crider, 52 Okla. 487, 153 Pac. 63. It was there held that in cases in which a party is entitled to a trial by jury, although this court is authorized to reverse a judgment where the verdict on which it is founded is not reasonably supported by the evidence, it does not mean that where the evidence is conflicting that this court will weigh it, but means that, assuming the evidence on which the verdict is based to be true, such evidence does not reasonably prove the facts in issue.

The judgment is therefore affirmed.

All the Justices concur.