## HUGHES et al. v. SENTER.

No. 10840----Opinion Filed July 18, 1922.

Rehearing Denied Jan. 30, 1923.

(Syllabus.)

1. Trial—Demurrer to Evidence—Consideration.

It is a settled rule that a demurrer to the evidence admits all the facts which the evidence in the slightest degree tends to prove and all inferences or conclusions that may reasonably and logically be drawn from the evidence.

2. Appeal and Error—Review—Questions of Fact—Verdict.

Where the trial court submitted to the jury under proper instructions the theory of the case presented by the plaintiff and defendant, and there is sufficient competent evidence to reasonably support the verdict, the finding of the jury is conclusive upon appeal.

Error from District Court, Payne County; Arthur R. Swank, Judge.

Action for conversion by A. E. Senter against T. J. Hughes and others. Judgment for plaintiff, and defendants bring error. Affirmed.

Higgins & Berton and W. H. Wilcox, for plaintiffs in error.

Freeman E. Miller, for defendant in error.

JOHNSON, J. This is an appeal from the district court of Payne county; Hon. Arthur R. Swank, Judge.

This is an action in conversion of personal property commenced by A. E. Senter, as plaintiff, on the 17th day of February, 1917, against T. J. Hughes, R. C. Jones, and the New State Refining Company, a corporation, to recover the sum of $5,000, and interest thereon at the rate of six per cent. per annum from the 15th day of September, 1915, and costs of the action, which was tried to the court and jury on the 10th day of February, 1919, and resulted in a verdict and judgment in favor of the plaintiff for the amount sued for; and thereafter the defendant regularly commenced this proceeding in error to reverse the judgment of the court below. For the convenience the parties will hereinafter be referred to as plaintiff and defendants, respectively, as they appear in the trial court.

The defendants' assignments of error are:

"(1) Said court erred in overruling the motion of the plaintiffs in error for a new trial in said cause.

"(2) Said verdict and judgment are not sustained by sufficient evidence.

"(3) Said verdict and judgment are contrary to the evidence and to the law.

"(4) The court erred in the admission of incompetent, irrelevant, and immaterial testimony upon the part of the plaintiff, to which the defendants excepted.

"(5) The court erred in the rejection of competent, relevant, and material evidence offered by the defendants and to which the defendants excepted.

"(6) Error of law occuring at the trial and excepted to by said defendants.

"(7) Said court erred in overruling the demurrer of the defendants to the plaintiff's evidence, which demurrer was lodged in said case at the close of plaintiff's case in chief, and to which ruling the defendants excepted.

"(8) Said court erred in overruling the defendants' motion to direct the jury to return a verdict for the defendants in said cause made at the close of all the evidence therein, and to which defendants excepted.

"(9) Said court erred in giving to the jury instruction No. 5, to which the defendants excepted.

"(10) Said court erred in giving to the jury instruction No. 6, to which the defendants excepted.

"(11) Said court erred in giving to the jury instruction No. 7, to which the defendants excepted.

"(12) Said court erred in giving to the jury instruction No. 8, to which the defendants excepted."

Concerning which counsel for the defendants say in their brief:

"While there are several assignments of error alleged, the ones upon which we rely for a reversal in this case are the first, third, seventh, eighth, tenth, eleventh, and twelfth. Arugment upon the first and third assignments will be deferred until after the others."

So it is clear from this statement of counsel that the errors that are not waived and which are relied on for a reversal are:

"The overruling by the trial court of the motion for new trial."

"(3) That the verdict and judgment are contrary to the evidence and the law."

"(7) Overruling the defendants' demurrer to the plaintiff's evidence."

"(8) Overruling defendants' motion to direct a verdict in their favor."

"(10) and (11) That the court erred in giving instructions Nos. 6, 7, and 8 to the jury."

Counsel for defendants argue the above assignments relied on for reversal. Under the seventh assignment, that the court erred in overruling the defendants' demurrer to the plaintiff's evidence, they devote the major portion of their brief, after which they discuss briefly that the court erred in giving instructions Nos. 7 and 8.

At the beginning of the trial it was stipulated in the record as follows:

"By Mr. Miller: It is agreed between the parties in this case, that the New State Refining Company, one of the defendants, was at the times mentioned in plaintiff's petition, a corporation organized and existing under and by virtue of the laws of the state of Oklahoma, with its principal place of business at Cushing, Payne county, Okla., and was engaged in the business of producing and refining crude petroleum, oil, and selling the by-products thereof, and that its articles of incorporation were filed and its charter issued about the 1st of June, 1914. That its capital stock was twenty-five thousand dollars, divided into 550 shares of one hundred dollars each, par value. That shortly following the incorporation of said company, T. J. Hughes and R. C. Jones, the defendants, and J. R. Travis and C. H. Travis were elected the board of directors of the company and they qualified and acted as such directors. It is further stip-ulated and agreed between the parties hereto that on the 15th day of December, 1915, at the time a sale was made of the New State Refining Company, a corporation, and its property and assets, the cash value of the stock in said corporation was worth and of the value of six hundred and twenty-five dollars per share. It is further agreed and stipulated that after the organization of said directors that T. J. Hughes, the defendant, was elected president of the board of directors, and R. C. Jones, secretary of the board of directors, and that they qualified and entered upon the discharge of their duties as such and acted as such officers of the corporation up to the sale of the corporation property in December, 1915."

The plaintiff's cause of action set out in his petition was to recover the value of ten shares of the capital stock, which he alleged was of the value of $700 per share, less two thousand dollars that he owed upon the same, which plaintiff charged the defendants converted to their own use.

In addition to the foregoing stipulation, the evidence disclosed that about June, 1914, about the time that the New State Refining Company was being organized by the defendants, Jones and Hughes, the defendant Jones then being president of the Cushing Gas Company, and having the plaintiff under him employed as bookkeeper and stenographer for that company, solicited the plaintiff to enter employment with the New State Refining Company at a salary of $100 per month, and also promised him 10 shares of stock in the company if he would accept. The work was not voluminous as yet, and the plaintiff continued in the employment of the Cushing Gas Company at Cushing until April or May, 1915, but also did the work necessary for the New State Refining Company. About that time the office of the New State was moved from the Cushing Gas Company office to its plant about a mile and a half from Cushing, and then the plaintiff ceased doing any work for the gas company and went upon the payroll of the refinery. He did all its work, in his line, which the testimony shows was quite voluminous, working long hours and far into the night and even on Sundays in order to perform his tasks; and the evidence shows that he was a very able and serviceable employe.

The evidence further shows that some time after Mr. Senter moved out to the plant, Mr. T. J. Hughes approached C. H. Travis, the father of J. R. Travis, and said "that they wanted to let Mr. Senter have ten shares and they would do that if we would put in their part of it, which would

be two and a half shares * * * and I agreed to it if J. R. did, and he said J. R. had already agreed to." The evidence further shows that sometime before the ten shares of stock were issued to Mr. Senter, Mr. R. C. Jones, the defendant, approached J. R. Travis, one of the stockholders and interested parties in the refinery, he and his father together having a one-fourth interest in the same, and asked him (J. R. Travis) if he and his father would be willing to stand their pro rata of the stock and let Mr. Senter have ten shares for two for one. "I told him I would agree to that." The evidence further shows that C. H. Travis and J. R. Travis owned 55 shares of stock in the New State Refining Company; that ten shares were issued to the plaintiff, A. E. Senter, on August 18, 1915, and that the defendants, R. C. Jones and T. J. Hughes, owned all the other stock in the company. The evidence further shows that on August 18, 1915, at the order and direction of R. C. Jones, who was the secretary, and T. J. Hughes, who was the president of the company, all the stock in the company then remaining not issued was written up in the handwriting of the plaintiff, and was signed by them as the officers of the company and sealed with the impression of the seal of the company; that 15 shares were issued to Jones, 15 to Hughes, and 10 to the plaintiff; that these were properly charged and entered on the journal and the plaintiff charged with $2,000. the price agreed upon for the ten shares at two for one, and the defendants charged with $1,500 each for theirs; that the stock certificate for the ten shares was issued to the plaintiff, was delivered to and held by him, and was entirely in his possession and under his control from that date until September 7, 1915. On September 7, 1915, the evidence shows T. J Hughes, one of the defendants, came into the company's office and demanded of Mr. Senter, still under employment by the company, the cancellation and surrender of the ten shares, saying that they had not been able to settle with the Travises on the basis they thought they would, and they had to have these ten shares in order to settle with them. The evidence further shows that the ten shares were canceled, and five of them reissued to the Travises, in an attempted settlement of the contract theretofore made between them and Hughes and Jones, and the remaining five shares kept by Jones and Hughes.

In these circumstances we think that the trial court did not err in overruling the de-

fendants' demurrer to the plaintiff's evidence. The rule is well established by the decision of this court that:

"A demurrer to the evidence admits all facts which the evidence tends in the slightest degree to prove, and all inferences reasonably deducible therefrom, when the evidence is considered in the light most favorable to the plaintiff." Anthony v. Bliss, 39 Okla. 237, 134 Pac. 1122.

"Where there is any evidence introduced at the trial of a cause tending to establish the allegations of the plaintiff's petition, it is error for the court to sustain a demurrer to such evidence and render a verdict in favor of the defendant." Anoatubby v. Bennington, 46 Okla. 221, 148 Pac. 828.

"A demurrer to the evidence admits every fact which the testimony expressly or by reasonable inference reasonably tends to prove." Midland Val. Ry. Co. v. Larson, 41 Okla. 360, 138 Pac. 173; Lyon v. Lyon. 39 Okla. 111, 134 Pac. 650; Crow v. Crow, 40 Okla. 455, 139 Pac. 122; Cameron & Co. v. Henderson, 40 Okla. 648, 140 Pac. 404; St. Louis & S. F. Ry. Co. v. Snowden, 48 Okla. 115, 149 Pac. 1083; Rose v. Woldert Grocery Co., 54 Okla. 566, 154 Pac. 531; Marshall Mfg. Co. v. Dickerson, 55 Okla. 188, 155 Pac. 224; Midland Valley Ry. Co. v. Ogden, 60 Okla. 74, 159 Pac. 256; Sartain v. Walker, 60 Okla. 258, 159 Pac. 1096.

Many other decisions of this court supporting the rule might be cited.

Applying the rule so often announced by this court, as is seen by the cases cited, supra, and many others that are not cited, it is clear that the trial court committed no error in overruling the defendants' demurrer to the evidence. We have carefully examined the instructions Nos. 6, 7, and 8, complained of by the defendants, as well as arguments set out by counsel in their brief in support of same, and reached the conclusion that the contentions of counsel are without merit. Instruction No. 6 submitted to the jury the plaintiff's contention made in his testimony as to the facts and circumstances under which ten shares of stock were issued to him; and the instruction submitted that theory and told the jury, in effect. if found to be true, that under the law it was sufficient consideration to make a binding contract between the parties. This was shown by instruction No. 7, which told the jury if the defendants converted the stock to their own use, and the jury so found, that the plaintiff would be entitled to recover. And instruction No. 8 submitted to the jury the defendants' contention as to what the agreement was, under and by virtue of which the ten shares of stock were issued to the plaintiff; and that

if the jury found their theory to be correct, that such agreement was based on the contingency therein set out, then their verdict should be for the defendants.

These instructions, we think, submitted with reasonable fairness both the plaintiff's and defendant's theories of the case. The evidence on these issues was slightly in conflict, and it was the province of the jury to settle such conflict by the verdict, and under the oft-repeated rule announced by this court, in these circumstances the verdict is conclusive on this court on appeal, and should not be disturbed. Gulf, C. & S. F. Ry. Co. v. Taylor, 37 Okla. 99, 130 Pac. 574; Colonial Jewelry Co. v. Jones, 36 Okla. 788, 127 Pac. 405.; Muskogee Electric Traction Co. v. Patterson, 38 Okla. 26, 131 Pac. 702; Same v. Rye, 388 Okla. 93, 132 Pac. 336; Peters v. Holder, 40 Okla. 93, 136 Pac. 400; Tulsa St. Ry. Co. v. Jacobson, 40 Okla. 118, 136 Pac. 410; Chicago, R. I. & P. Ry. Co. v. Brazzell, 40 Okla. 460, 138 Pac. 794; Wade v. Ray, 41 Okla. 641, 139 Pac. 116; Wesley v. Diamond, 44 Okla. 484, 144 Pac. 1041; Turner v. Maxey, 45 Okla. 125, 144 Pac. 1064; McCammon v. Jenkins, 44 Okla. 612, 145 Pac. 1163; Chicago, R. I. & P. Ry. Co. v. Carden, 46 Okla. 557, 149 Pac. 127; McFarland v. T. W. Lanier & Bros., 50 Okla. 336, 150 Pac. 1097.

Finding no reversible error in record, the judgment of the trial court is affirmed.

McNEILL, ELTING, KENNAMER, and NICHOLSON, JJ., concur.