**SULLINS et al. v. DOMER.**

No. 26282. Feb. 11, 1936.

H. A. Johnson, for plaintiffs in error.

W. M. Bowles, for defendant in error.

GIBSON, J. The parties will be referred to herein as they appeared at the trial, plaintiffs in error as defendants, and defendant in error as plaintiff.

Plaintiff commenced this action in the district court of Noble county seeking judgment against defendants on certain promissory notes, and a decree foreclosing a real estate mortgage given to secure payment of said notes.

Defendants filed answer in the following form:

"That the defendants deny each and every allegation in plaintiff's petition contained, except such as may be hereinafter expressly admitted or alleged.

"2. Defendants admit the execution of the note and mortgage set forth in plaintiff's petition, but they deny that there is now due thereon the sum of $560 as alleged, and that no credits have been given for the payments made on said indebtedness, and the said defendants demand a jury trial to determine the issue as to the amount due the plaintiff from these defendants, and that the burden be placed on the plaintiff to prove the correct amount due thereon in the first instance with the privilege of the defendants to rebut such proof in case it tends to support the allegations of the petition of plaintiff."

The case was placed on the nonjury docket and regularly called to trial, at which time counsel for defendants appeared and objected to proceeding to trial without a jury. Jury was denied, and plaintiff introduced his evidence and obtained judgment, and defendants appealed.

This appeal presents for review the court's refusal to grant defendants a jury trial.

Where judgment is sought on promissory notes, and foreclosure of mortgage, the action is one "for the recovery of money" within the meaning of section 350, O. S. 1931, and where issue is joined as to the indebtedness due, the case is properly triable before a jury. Holmes v. Halstid, 76 Okla. 31, 183 P. 969; Jones v. Benson, 158 Okla. 25, 12 P. (2d) 202. The latter case expresses the rule as follows:

"In an action to recover judgment on a promissory note, and foreclosure of mortgage lien, made to secure its payment, where issue is joined as to the indebtedness due, the case is one properly triable by a jury."

This rule does not save the defendants in this case. There was no issue joined as to the indebtedness due. The averments of the answer not only fail to raise an issue, but they amount to an admission of the indebtedness. This is revealed by the following statement: "But they deny that there is now due thereon the sum of $560 as alleged, and that no credits have been given for the payments made on said indebtedness." By this statement defendants admit an indebtedness, and their answer fails to plead payment of any part thereof. A denial of an indebtedness in a specific amount unaccompanied by allegations of payment of all or some portion thereof is merely a negative pregnant, raises no issue and amounts to an admission of the debt. See 49 C. J. 269; Wade v. Ray. 41 Okla. 641, 139 P. 116; Marshall Mfg. Co. v. Dickerson, 55 Okla. 188, 155 P. 224.

The statement in the answer "that no credits have been given for the payments made on said indebtedness" is not an express allegation of payment." Section 206, O. S. 1931. Payment is an affirmative defense and must be expressly pleaded. Upham Shoe Co. v. Pollard, 111 Okla. 228, 239 P. 244; Reserve Loan Life Ins. Co. v. Simmons, 140 Okla. 212, 282 P. 279.

Although this action was one for the recovery of money, and of the character ordinarily triable by a jury within the meaning of section 350, O. S. 1931, no issue was joined as to the indebtedness due. The pleadings thus failed to present an issue for a jury's consideration. The demand for a jury was therefore properly denied.

The judgment of the trial court is affirmed.

OSBORN, V. C. J., and RILEY, BAYLESS, WELCH, and CORN, JJ., concur. McNEILL, C. J., and BUSBY and PHELPS, JJ., absent.