The FIRST NATIONAL BANK AND TRUST COMPANY OF OKLAHOMA CITY, a national banking institution, as Trustee, Appellee,

v.

Charles NESBITT, Trustee of the Estate of Eufaula Enterprises, Inc., and McIntosh County Industrial Development Authority, a public trust, Appellants.

No. 51080.

Supreme Court of Oklahoma.

June 26, 1979.

Rehearing Denied Sept. 10, 1979.

Robert N. Naifeh, Norman, for appellant Charles Nesbitt.

John N. Hermes, McAfee, Taft, Mark, Bond, Rucks & Woodruff, a professional corporation, Oklahoma City, for appellee.

HARGRAVE, Justice:

Charles Nesbitt, trustee, brings this appeal from a summary judgment in an action for a declaratory judgment brought by the First National Bank and Trust Company of Oklahoma City. Defendant Nesbitt here alleges the District Court of Oklahoma County erred in holding certain funds paid Plaintiff Bank did not constitute assets of the estate of the bankrupt Defendant, Eufaula Enterprises, for which Nesbitt is trustee.

In 1971 the Bank was appointed trustee under a bond indenture between it and the McIntosh County Industrial Development Authority. The Bank brings this action on behalf of the holders of these bonds, twenty in number, of a value of $5,000.00 each, maturing January 1, 1981, to determine whether $59,938.91 and interest held by the Bank in a sinking fund, for the eventual retirement of those bonds constitutes an asset of the Defendant trustee in bankruptcy. The source of the fund accumulating for the eventual retirement of the bonds was a lease of realty in McIntosh county executed by the McIntosh County Industrial Development Authority, and given to Bearcat Concrete Products. This lease to Bearcat was guaranteed by Eufaula Enterprises and provided for a rental amount of $9,000 initially and $1,583.00 per month for ten years. Payments were made on the lease for a period of 5½ years or until August 24, 1975, at which time Bearcat defaulted and Eufaula Enterprises refused the demand made upon it as guarantor. Thereafter an involuntary petition for the reorganization of Eufaula Enterprises was filed in Federal District Court for the Western District of Oklahoma, and Nesbitt as trustee obtained a turn-over order directed in part to the fund held by the Bank. The Bank objected to the order's applicability to the fund in its hands, and the bankruptcy court ruled the fund not subject to the order as there existed a substantial claim of right adverse to the trustee, and directed the trustee to institute an action to try title to the fund. The Bank instituted the action, alleging the claim against the fund prevented it from carrying out its duties as trustee for the bondholders. The above facts alleged in the petition were answered by general demurrer. The Bank submitted an affidavit of its senior vice president, Robert C. O'Kelley and moved for summary judgment in its behalf, whereupon the Defendant Nesbitt also moved for summary judgment in its behalf. The record forwarded on appeal to this Court reflects that Plaintiff filed a brief in support of its motion and replied to the unbriefed motion for summary judgment filed by the Defendant with an additional trial brief.

The affidavit filed on behalf of the Plaintiff Bank states that the payments made as lease payments were made for the benefit of the bondholders and that the Bank has held those funds so collected solely for the benefit of the holders of the bonds issued under the indenture appointing it as trustee. The affidavit states the only source of revenue by which the bonds and their attendant interest were to be paid was the revenue collected from the lease between Bearcat Concrete Products and the public trust known as McIntosh County Industrial Authority, a public trust, the entity issuing the $100,000 in 9% revenue bonds.

The claim asserted by the Defendant trustee Nesbitt is determined by inquiry into the presence or absence of Eufaula's rights in the fund at the time of the adjudication of bankruptcy for it is fundamental that a property interest in a fund not owned by a bankrupt at the time of his adjudication as such is not a part of the

bankrupt's estate and does not vest in the trustee. *Pearlman v. Reliance Ins. Co., 371 U.S. 132, 83 S.Ct. 232, 9 L.Ed.2d 190.* Thereafter at pp. 135 and 136, 83 S.Ct. at p. 234 of the cited case, Mr. Justice Black for the Court, stated:

". . . The Bankruptcy Act simply does not authorize a trustee to distribute other people's property among a bankrupt's creditors. So here if the surety at the time of adjudication was, as it claimed, either the outright legal or equitable owner of this fund, or had an equitable lien or prior right to it, this property interest of the surety never became a part of the bankruptcy estate to be administered, liquidated and distributed to general creditors of the bankrupt."

With this principle in mind, we examine the record on appeal to determine if the lower court erred as a matter of law in holding:

". . . From the indenture of McIntosh County Industrial Development Authority . . . (Exhibit '2' attached to plaintiff's petition) and the affidavit of Mr. O'Kelley, the Court finds that said indenture did create a trust and that once property was delivered to the plaintiff, pursuant to paragraph 4 of the indenture, the trustee held the property subject to the terms of the trust indenture for the benefit of the holders of the bonds and interest coupons issued pursuant to and secured by the indenture . . . Accordingly it is ordered, adjudged and decreed that the First National Bank and Trust Company of Oklahoma City, holds the fund of $59,938.91 . . . as trustee under the indenture for the benefit of bondholders and that the defendant as trustee of the estate of Eufaula Enterprises and McIntosh County Industrial Development Authority has no right, title or interest to the said funds held by the plaintiff."

The sole factor determinative of the issue raised or attempted to be raised in this appeal is the nonexistence of a single statement, pleading, affidavit or other item in the record which was also presented to the trial court which contravenes the Plaintiff's

position that the fund was held for the sole benefit of the bondholders and that the Bankrupt had no right, title, or interest therein. Plaintiff alleges in his petition that the attached trust indenture provides the Bank as trustee holds funds collected for the sole benefit of the bondholders. The sworn affidavit alleges the same state of facts and his position is supported by two trial briefs. The Defendant's position in the lower court is fully set out in the statement that he has filed an entry of appearance, a general demurrer and a motion for summary judgment. The record on appeal contains no facts other than the facts offered by the Plaintiff. Rule 13 of the Rules for the District Courts of Oklahoma, 12 O.S. Ch. 2 Appendix, provides that the court is instructed to render judgment if it appears there is no substantial controversy as to any material fact and that *any* party is entitled to judgment as a matter of law. (emphasis added). In *Kepler v. Strain, 579 P.2d 191 (Okl.1978),* this Court noted that a defending party could file a motion for summary judgment prior to answering and the court may determine the motion before that answer is filed, albeit it is an unusual practice. Here, both parties filed a motion for summary judgment. The only facts alleged, or sworn to by affidavit, and the only law referred to in the pleadings and briefs submitted to the trial court are supportive of Plaintiff's position—the facts stood uncontroverted.

Summary judgment should be granted where the facts set forth in detail show no substantial controversy as to any material fact. *Northrip v. Montgomery Ward, 529 P.2d 489, 494 (Okl.1974).* In *Runyon v. Reid, 510 P.2d 943, 946, 58 A.L.R.3d 814 (Okl.1973),* quoting from *Aktiengesellschaft Der Harlander v. Lawrence Walker Cotten, 60 N.M. 154, 288 P.2d 691, 697 (1955),* this Court stated the moving party has the burden of showing that there is no genuine issue as to a material fact and that he is entitled as a matter of law to a summary judgment. When he has made a prima facie showing to this effect, the opposing party cannot defeat a motion for

summary judgment by a bare contention that an issue of fact exists. Here we do not have even a bare contention. We have stated, in *Weeks v. Wedgewood Village, Inc., 554 P.2d 780 (Okl.1976)* that the ruling on a motion for summary judgment is to be made on the record which the parties have actually made and not on a record that is potentially possible. Therefore, under the record here appealed, we find no error and the decision of the lower court is Affirmed.

All Justices concur.