Naomi JOHNSON, Appellant,

v.

GRANT SQUARE BANK & TRUST COMPANY, a corporation, Appellee.

No. 54224.

Court of Appeals of Oklahoma, Division No. 1.

June 2, 1981.

Rehearing Denied July 21, 1981.

Certiorari Denied Sept. 15, 1981.

Released for Publication by Order of Court of Appeals Sept. 17, 1981.

---

Lampkin, Wolfe, McCaffrey & Tawwater by Larry A. Tawwater, Larry D. Muse, Oklahoma City, for appellant.

Steward & Bevard by Jerry L. Steward, Oklahoma City, for appellee.

REYNOLDS, Judge:

Naomi Johnson, plaintiff below, appeals the order of the trial court that sustained a motion for summary judgment in favor of the defendant, Grant Square Bank & Trust Company, in an action to recover damages for wrongful dishonor of a check.

Mrs. Johnson, as drawer, gave her personal check drawn on the defendant Bank to one Garland Bailey in payment for repairs Bailey performed on an automobile owned by Johnson's son. On the same day the check was issued, the car broke down again. Johnson decided to stop payment on the check. On the following morning, Johnson went to the Bank in person and requested the Bank to stop payment on the check issued to Bailey. A Bank employee took certain information concerning the check from Johnson including the name of the payee, date of the check, amount of the check, the check number, and the account number. Bailey presented the check for payment shortly thereafter, and it was returned to him marked "insufficient funds." Bailey had Johnson arrested on charges of issuing a bogus check. These charges were later dismissed. Johnson then brought this action for damages against the Bank.

The Bank's Answer set up the defense that Johnson did not give enough information to the Bank to allow it to locate the check in question and stop payment on it, because they alleged she misstated the amount of the check by 3 cents, and their computer traces checks by amounts. The Bank's motion for summary judgment was sustained by the trial court.

The parties agree that their respective rights and liabilities are governed by Article 4 of the Uniform Commercial Code, 12A O.S.1971, §§ 4–101 to 4–504 (hereinafter cited by U.C.C. section number only).

It is undisputed that Johnson is a "customer" of the Bank. § 4–104(1)(e). A customer has the right to order her Bank to stop payment on any item payable through her account by complying with § 4–403, which provides:

(1) A customer may by order to his bank stop payment of any item payable for his account but the order must be received at such time and in such manner as to afford the bank a reasonable opportunity to act on it prior to any action by the bank with respect to the item described in Section 4–303.

(2) An oral order is binding upon the bank only for fourteen calendar days unless confirmed in writing within that period. A written order is effective for only six months unless renewed in writing.

(3) The burden of establishing the fact and amount of loss resulting from the payment of an item contrary to a binding stop payment order is on the customer. Laws 1961, P. 130, § 4–403.

In certain circumstances a bank is relieved from honoring a stop payment order. However, the stop payment order was at least received by the Bank prior to its taking any action, which would relieve it from honoring the stop payment order. See § 4–303 and the Official Code Comments to this section.

The Bank did not pay out monies over the stop payment order so as to subject it to liability under section 4–403. See § 4–403, Comment 8. Instead the Bank did not pay

on the check for the reason that Johnson's account lacked sufficient funds to cover the amount of the check. Johnson asserts that dishonoring the check in this manner rather than on a stop payment order renders the Bank liable in damages to her under section 4–402, which provides:

A payor bank is liable to its customer for damages proximately caused by the wrongful dishonor of an item. When the dishonor occurs through mistake liability is limited to actual damages proved. If so proximately caused and proved damages may include damages for an arrest or prosecution of the customer or other consequential damages. Whether any consequential damages are proximately caused by the wrongful dishonor is a question of fact to be determined in each case. Laws 1961, p. 129.

A bank can charge against its customer's account any item that is properly payable. § 4–401. If the customer made the stop payment order within a reasonable time and in a manner affording the bank a reasonable opportunity to act, then the check was wrongfully dishonored entitling Johnson to damages proven under section 4–402.

Whether the stop payment order was valid and whether the Bank's subsequent dishonor proximately caused Johnson damage are questions of fact for the trier of fact. Many factors determine whether the Bank acts reasonably in stopping payment, and nothing in the record establishes that their action in not stopping payment was commercially reasonable as a matter of law. *See generally* J. White & R. Summers, Uniform Commercial Code § 17–5, at 679–80 (2d ed. 1980).

A summary judgment is appropriate only when there is no substantial controversy as to any material fact. *First National Bank & Trust Co. v. Nesbitt*, 598 P.2d 1197, 1199. Under the pleadings and trial briefs submitted to the court below, substantial controversy remains as to whether a valid stop payment order was given. Johnson is entitled to a trial on this issue, because it is determinative of whether the Bank's dishonor of the check was "wrongful". *See* § 4–402, Comment 2.

We reverse and remand for a trial on the issues. The trial court is instructed to set aside the summary judgment for the Bank and proceed to trial in accordance with the views expressed in this opinion.

REVERSED AND REMANDED FOR TRIAL.

BOX, P. J., and WILSON, J., concur.