CHARLES F. CURRY COMPANY, A
Missouri Corporation, Appellee,

v.

Arnold L. GOODMAN, Appellant.

Nos. 65300, 65924.

Court of Appeals, Oklahoma,
Division No. 1.

May 12, 1987.

James K. Larimore, Oklahoma City, for
appellee,

Arnold L. Goodman, pro se.

GARRETT, Judge:

This action was for judgment on a promissory note and to foreclose a real estate mortgage which secured the note. Appellee was Plaintiff and Appellant was Defendant.

Appellee filed its petition on the note and for foreclosure of the mortgage on the home of the Appellant on June 19, 1985. On August 27, 1985, Appellee filed its motion for summary judgment, with supporting brief and supporting evidentiary materials, all in accordance with Rule 13 of the Rules for District Courts, 12 O.S.1981 Ch. 2, App. On September 11, 1985, Appellant filed a pleading entitled "Bill of Material Facts and Substantive Issues Which Remove Action from Summary Judgment Jurisdiction". The trial court treated this as a response to the motion for summary judgment. On September 20, 1985, the motion was heard and resulted in the trial court's sustaining said motion and granting judgment in favor of Appellee.

A Sheriff's Sale, regular in all respects and in compliance with the applicable Oklahoma Statutes, was conducted on December 10, 1985. Appellee purchased the property at the sale, being the highest bidder. On January 10, 1986, a hearing was held on Appellant's objection to the Sheriff's Sale. The sale was confirmed by the trial court.

On appeal, Appellant contends his right to a jury trial of his peers was "suppressed by the court"; his rights were infringed by Appellee in a lower court and they denied him due process by selling his property while this appeal was pending; the Sheriff's Sale was conducted under "highly questionable rules"; and, his rights were infringed because the subject property was "owned under Declaration of U.S. Land Patent".

The following undisputed facts were before the trial court in considering the motion for summary judgment: 1) on or about July 29, 1982, Appellant executed and delivered to Appellee a promissory note in the principal amount of $41,000, bearing interest at the rate of 15.5% per year; 2) contemporaneously with the execution of the promissory note, Appellant executed and delivered to Appellee a mortgage on the real property which is the subject of this action; 3) the monthly installments on the note were delinquent from January 1, 1985, until the date of the hearing; 4) at the time of the hearing, there was due and unpaid on the note the principal amount of $40,-823.69, unpaid interest thereon from December 1, 1984, abstracting expenses and collection expenses; 5) the note and mortgage provided that Appellee was entitled to recover the costs of litigation, including an attorney fee; 6) Appellee was the lawful holder of the note and mortgage; and, 7) all funds due under the note to Appellee had been fully advanced to Appellant by Appellee, and Appellant used the money to buy the residence covered by the mortgage.

■ Appellant contends his constitutional right to a jury trial was denied and cites Article 2, Section 19 of the Oklahoma Constitution and the 7th Amendment of the United States Constitution as authority. We find the trial court correctly ruled that Appellant had no right to trial by jury in this case.

An action to recover on a note and to foreclose the mortgage securing the note is not properly triable by jury, where there has been no proper contest as to the amount due under the note. *Sullins v. Domer*, 176 Okl. 45, 54 P.2d 391 (1936). It is only when a lawful challenge is made to the amount due under the note and mortgage that a jury trial will be allowed as a matter of right. *Luke v. Patterson*, 192 Okl. 631, 139 P.2d 175 (1943); *Gee v. Security Bank & Trust*, 186 Okl. 477, 98 P.2d 922 (1940). The trial court does its duty when summary judgment is granted and a needless jury trial is denied when the material facts in issue are undisputed and the

applicable law justifies the action. *Will v. Jones*, 463 P.2d 702 (Okla.App.1969). In this case, the material facts were undisputed. All the evidence indicates Appellant executed the note and mortgage as alleged and purchased a home with the proceeds. It is also undisputed that Appellant defaulted on his obligation and that the amount due is accurate.

■ Once a party has introduced evidence showing no substantial controversy as to material facts, the other party has the burden of showing that there is evidence available which justifies a denial of the summary judgment and a trial of the issue. *Weeks v. Wedgewood Village, Inc.*, 554 P.2d 780 (Okla.1976). A ruling on a motion for summary judgment must be made on the record which the parties have presented to the trial court and not on a record which is potentially possible. *Culpepper v. Lloyd*, 583 P.2d 500 (Okla.1978). In opposing summary judgment, a party may not rely on allegations and assertions. Evidentiary materials must be presented to the court in compliance with Rule 13. Where, as here, no substantial controversy exists as to any material fact, summary judgment is not only proper, but required. *First National Bank & Trust Co. of Oklahoma City v. Nesbitt*, 598 P.2d 1197 (Okla.1979); *Heavner v. Farmers Insurance Co.*, 663 P.2d 730 (Okla.1983).

Appellant's next proposition regarding the sale of the property pending the appeal has already been ruled upon by the Oklahoma Supreme Court in its order dated January 13, 1986, which is part of the record in this case. This proposition is without merit.

■ Appellant next contends that the "questionable rules" by which the Sheriff's Sale was conducted permitted the improper bid of Appellee in that Appellee was not required to pay cash on its successful bid, but was allowed to give credit for the amount of the bid on its judgment against Appellant.

To require Appellee bidding at its own Sheriff's Sale to post cash would be to require it to, in effect, pay cash to itself. In this case, the unpaid balance on the

judgment was in favor of Appellee. Therefore, Appellee was entitled to receive the entire purchase price from the purchaser of the property. That purchaser was Appellee. In the case of *McDonald v. Harrod,* 192 Okl. 266, 135 P.2d 979 (1943), it was claimed that the sheriff's sale proceedings were defective in that the mortgagee, who purchased the property at the sale, had not posted cash. The Oklahoma Supreme Court disposed of this issue by stating at 135 P.2d 981 "since the purchaser was the judgment creditor, payment of the purchase price to the sheriff was not necessary, as he was entitled to have the amount of his bid credited on his judgment". To require Appellee to pay cash to the court clerk only to recover all such cash following confirmation of sale of the property would have been an unnecessary burden on Appellee, lower court, the court clerk, and would be contrary to established law.

Appellant next contends that by his filing an instrument entitled "Declaration of Land Patent" in the office of county clerk prior to the sheriff's sale "breathed new life into the dormant patent issued by the federal government under the authority of Title 43 U.S.C. and the Homestead Act of 1862". He claims that the so-called patent now owned by him became impervious to collateral attack by Appellee. He further claims that he is the "Allodial Freehold" owner of said property, and has absolute and perfect title with "seisin in deed," and therefore his ownership of the property in question is impregnable to attack by anyone except the United States Government. Needless to say, this novel (but meritless) argument is not supported by persuasive authority or even any authority on point. Where error is asserted, but not supported by applicable authority, and the record discloses there was no error, and that substantial justice has been done, the judgment should be affirmed without discussing the assignment. *First National Bank of McAlester v. Mann,* 410 P.2d 74 (Okla. 1965).

AFFIRMED.

ROBINSON, P.J., and REYNOLDS, J., concur.