## PIONEER TEL. & TEL. CO. v. DAVIS, *Adm'r.*

No. 801.   Opinion Filed May 9, 1911.

1. APPEARANCE—Revival of Actions—Time to Object—Waiver. An objection that a case is not properly revived must be made before an appearance to the merits. Such appearance is a submission to jurisdiction and constitutes a waiver of any defect in the mode of revival.

2. PLEADING—Revival of Actions—Amendment of Complaint. Where the record shows that, after a cause was revived by virtue of section 5231, Mansfield's Digest, in force in the Indian Territory prior to statehood, it progressed in the name of the special administrator, it is not necessary to amend the complaint by setting up the death of the party, the appointment of a special administrator and the revivor of the cause of action.

3. TRIAL—Instructions—Sufficiency—Refusal of Requests. Where, on the whole, the instructions given substantially and correctly cover all questions of law so as to fairly present the case to the jury it is not error to refuse instructions requested by one of the parties, although they may state the law correctly.

4. APPEAL AND ERROR—Review—Verdict—Excessiveness. The amount of recovery in a personal injury case is a question for the jury, and the court will not reverse a verdict therein on the ground that it is excessive unless it appears from the record that the jury was swayed by passion or prejudice against the losing party.

(Syllabus by the Court.)

*Error from District Court, Muskogee County; G. A. Brown, Special Judge.*

Action by J. W. Davis, special administrator of J. L. Davis, deceased, against the Pioneer Telephone and Telegraph Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*J. B. Furry, E. H. Fleming, S. H. Harris,* and *J. R. Spielman,* for plaintiff in error.

*S. R. Taylor,* for defendant in error.

KANE, J.   This was an action for damages, for personal injuries, commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, on the 31st day of December, 1906.   The complaint alleged, in substance, that the defendant maintained and operated in the city of Muskogee a system of telephone and telegraph lines over and along the streets, alleys, and thoroughfares of said city; that for several days the company's wires were disabled and out of repair, being broken, or disengaged from their fastenings and fallen to the ground upon certain streets, alleys, rights of way, openings, and thoroughfares over which the public was often wont to go and travel.   That the company negligently and carelessly permitted said wires to come down and remain so grounded for the space of several days; that said telephone wires, in falling, came in contact with a live wire belonging to the electric light and power company of said city, which wire was heavily charged with electricity, and that the plaintiff without fault on his part came in contact with the telephone company's wires thus charged with electricity and was greatly shocked and injured.   On the 4th day of February, 1907, J. W. Davis filed in said cause a motion suggesting the death of J. L. Davis, plaintiff, and asking that he be appointed special administrator without bond to prosecute said suit.   The motion showed the movant to be the son and heir at law of the deceased; that decedent died on the 8th day of January, 1907, and that there had been no statutory letters of administration issued to any one on his estate.   The prayer was to the effect that said movant be appointed special administrator for the purpose of prosecuting said cause and be permitted to proceed

with and prosecute the same as plaintiff; that his name be substituted for the name of his father, and that said cause be revived in his name, and that it proceed to trial as though the former plaintiff was yet living and that judgment be rendered in his favor as special administrator. The foregoing motion was by the court allowed. On the same day the defendant filed its motion to quash the return of the summons served upon it, upon the ground that a true copy of the summons was not delivered to the defendant or any agent or representative thereof. Upon the hearing of said motion on the 5th day of February, 1907, the same was sustained. Thereafter, by leave of court, the petition in said cause was amended by interlineation, and thereafter, on the 3rd day of December, 1908, the defendant filed its amended answer to the amended complaint of said plaintiff, wherein (1) it denies that J. W. Davis was the lawful administrator of J. L. Davis, and states that he was not appointed as provided by law to entitle him to maintain this suit; (2) it alleges that if said J. L. Davis was in fact injured by the wires as averred in his complaint, the same was not due to any fault or negligence of the defendant, but the same was due to a charge of electricity transmitted from a wire of the Muskogee Light and Power Company, being the Light and Power Company referred to in plaintiff's complaint; (3) that if said J. L. Davis, deceased, was in fact injured by the wire, as alleged in his complaint, the same was due to the contributory negligence of the plaintiff. Thereafter, on the 4th day of December, 1908, said cause came regularly on for trial, plaintiff appearing in person and by his attorney, and defendant appearing by its attorney, whereupon trial was had before a jury, which returned a verdict in favor of the plaintiff, upon which judgment was duly entered. To reverse that judgment this proceeding in error was commenced.

As we gather the contentions of counsel for plaintiff in error from their brief, they may be stated as follows: 1. There is nothing in the record to show that any steps whatever were taken

to revive this action below, except the motion filed suggesting the death of J. L. Davis, and such action did not constitute a revivor under the laws in force in the Indian Territory at the time the cause of action accrued. 2. The objection to the introduction of evidence under the complaint should have been sustained, for the reason that if J. W. Davis was properly appointed special administrator of the estate of J. L. Davis, it was necessary that he should amend the pleadings by alleging those facts. 3. Error of the court in refusing to give certain instructions requested by the defendant. 4. That the damages awarded are excessive.

Section 5231, Mansfield's Digest of the Laws of Arkansas, in force in the Indian Territory prior to statehood, provides that:

"In all cases where suits may be instituted, and either plaintiff or defendant may die pending the same, it shall be lawful for the court before which such suit or suits may be pending, on the motion of any party interested, to appoint a special administrator, in whose name the cause shall be revived, and said suit or suits shall progress, in all respects, in his name with like effect as if the plaintiff or defendant (as the case may be) had remained in full life."

And section 5247 provides:

"An order to revive an action in the names of the representative or successor of a plaintiff may be made forthwith, but shall not be made without the consent of the defendant after the expiration of one year from the time the order might have been first made, except that, where the defendant shall also have died or his powers have ceased in the meantime, the order of revivor on both sides may be made in the period limited in the last section."

Counsel for plaintiff in error contend that the words found in section 5231, *supra*, "the cause shall be revived," mean that the revivor must be in conformity with the general statutory requirement on that subject in force in the Indian Territory at the time the motion to revive was sustained. We believe that the record shows a substantial compliance with the statute; but, however that may be, the general rule is that "appearance without questioning the mode of revival of the action waives any objec-

tions to the mode of revival." (1 Cyc. [Note] 103.) Numerous cases are cited in support of the text, among them *Reed v. Sexton's Admrs.*, 20 Kan. 195, which state, the plaintiff in error says, has a statute on the subject of revivor almost identical with the Arkansas statute. In *Abner B. Brown, Trustee, etc., v. Roscoe S. Hillman,* 29 Okla. ——, decided at this term of court, it was held that a general appearance waived the lack of formal revival, and the court quoted approvingly an excerpt from the opinion of Mr. Chief Justice Doster in the case of *Curry v. Railway Company,* 58 Kan. 6, as follows:

" 'Such an objection is like any other objection to jurisdiction. It must be made before appearance to the merits; for such appearance is a submission to jurisdiction. Instead of demurring to the first amended petition, the defendant should have moved to strike it from the files for the reason that no order reviving the original action had been made. By filing a demurrer thereto, it pleaded to the legal merits of the cause of action stated in the petition. This was a waiver of the defect which is now urged.' "

Other authorities are cited to the same effect, which seem to definitely settle the question involved against the contention of counsel for plaintiff in error.

We do not believe the second contention is well taken. Section 5231, *supra,* provides that the special administrator may be appointed on motion of any party interested, "in whose name the cause shall be revived, and said suit or suits shall progress, in all respects, in his name with like effect as if plaintiff or defendant had remained in full life." The record shows that after the cause was revived it progressed in the name of the special administrator. We believe that was a sufficient compliance with the statute.

We think the instructions given by the court substantially and correctly cover all phases of the law necessary to fairly present the case to the jury. It is true the instructions which defendant asked, and which the court refused to give, stated the law correctly and in language which would probably be more favorable to the defendant than the one given, but the court is

not obliged to adopt the language of counsel in giving instructions if otherwise the instructions are unobjectionable. We think on the whole the law of the case was fully and fairly stated to the jury in the instructions given, and that is all that is required.

We do not believe the record discloses that the jury was influenced by passion or prejudice in arriving at their verdict. The question of the amount of recovery in this class of cases is so peculiarly one for the jury that courts will not set aside a verdict on the ground that it is excessive unless it can be gathered from the record that the jury was swayed by passion or prejudice against the losing party. We think that under the circumstances of this case the verdict of $3,500 was large, but that of itself is not sufficient to justify us in setting it aside.

Finding no reversible error in the record, the judgment of the court below is affirmed.

All the Justices concur.