BELL v. NORTHROP-BELL OIL & GAS CO. et al.

No. 8829—Opinion Filed April 2, 1918.

(171 Pac. 1115.)

1. Corporations—Contract Between Stockholders— Liability of Corporation.
A contract between certain stockholders of a corporation, to which the corporation is not a party, does not bind the corporation, and no demand can arise out of such contract against the corporation.

2. Corporations—Receivership — Petition— Demurrer to Evidence.
The evidence of the plaintiff examined, and held insufficient to sustain the allegations of plaintiff's petition, and that the court properly sustained the demurrer thereto.

(Syllabus by Pryor, C.)

Error from District Court, Tulsa County; Conn Linn, Judge.

Action by Thomas A. Bell against the Northrop-Bell Oil & Gas Company and others. Demurrer to plaintiff's evidence sustained, and judgment rendered for defendants, and plaintiff brings error. Affirmed.

H. B. Martin and R. A. Reynolds, for plaintiff in error.

West, Sherman, Davidson & Moore, for defendants in error.

Opinion by PRYOR. C. This action was commenced by the plaintiff in error, Thomas A. Bell, against the Northrop-Bell Oil & Gas Company, a corporation, Mary S. Northrop and Murray S. Northrop, asking that the defendants be restrained from disposing of the property belonging to the Northrop-Bell Oil & Gas Company; that a receiver be appointed to take charge of the assets and effects of the said corporation; that a judgment be rendered dissolving the corporation, winding up all its affairs, its debts be paid, and the property distributed among the shareholders.

The petition of plaintiff states in substance that the capital stock of the corporation is $10,000 divided into 100 shares of the par value of $100 each: that Mary S. Northrop is the owner of 98 shares of the capital stock of the corporation, and that the plaintiff and Murray S. Northrop are the owners of one share each; that the assets of the corporation consist of oil property in Tulsa county producing oil, which cost the sum of $35,000; that the $35,000 paid for said property was advanced by Mary S. Northrop; that on about the 15th day of April, 1915, the plaintiff and the defendants Mary S. Northrop and Murray S. Northrop entered into a contract whereby it was agreed that out of the profits and earnings of the corporation, defendant Mary S. Northrop should be reimbursed the $35,000 advanced by her to said corporation for the purchase of the above-described property; and when the said Mary S. Northrop was so reimbursed, that in consideration of the services rendered and to be rendered by the plaintiff Thomas A. Bell and Murray S. Northrop, she should deliver to them 24 shares each of such capital stock: or in the event that said property should be sold, after reimbursing Mary S. Northrop for the $35,000 advanced, the balance of the proceeds should be divided between the parties, 5 per cent. to Mary S. Northrop, and 24 per cent. each to Thomas A. Bell and Murray S. Northrop.

Plaintiff alleges that the defendants Mary S. Northrop and Murray S. Northrop are attempting to convey said property by deed of

conveyance with intent to defeat the rights of the plaintiff, and are attempting to dissolve said corporation for the purpose of defrauding plaintiff and destroying his interest in the profits of said corporation. Plaintiff prays that the defendants and their agents be temporarily enjoined from executing any conveyance or assignment of the property of the Northrop-Bell Oil & Gas Company, and upon trial be permanently enjoined; that a receiver be appointed to take charge of the property and effects of said company; that said corporation be dissolved, and the debts of said company discharged, and the property distributed among the shareholders according to their interests. At the conclusion of the plaintiff's evidence the defendants interposed a demurrer thereto, which was sustained by the trial court, and judgment rendered for the defendants denying the relief sought by the plaintiff.

The only question for determination on appeal is whether or not the court properly sustained the demurrer of the defendants to the evidence of the plaintiff. Whatever claim or right the plaintiff has and attempts to establish is his claim or right under and by virtue of the contract set out in the plaintiff's petition. The defendant corporation is not a party to said contract, and no liability or cause of action could arise against the corporation in favor of plaintiff by reason of said contract, or by reason of the breach of same. The violation of plaintiff's rights under said contract could not operate as grounds for the appointment of a receiver for said company, or for enjoining the company from taking whatever action it might see fit in regard to its property; neither could it be a ground for the distribution of the property and assets of the company. Whatever rights the plaintiff may have under said contract are rights that are enforceable against the defendants Mary S. Northrop and Murray S. Northrop personally. There is not an attempt to establish any claim against them personally.

The trial court committed no error in sustaining the demurrer to the evidence. Wherefore the judgment of the trial court should be affirmed.

By the Court: It is so ordered.