## In re NORTHROP-BELL OIL & GAS CO.

No. 8830—Opinion Filed April 2, 1918.

(171 Pac. 1116.)

1. **Corporations—Contract Between Stockholders—Effect.**

A contract between certain stockholders of a corporation to which the corporation is not a party does not bind the corporation, and no demand can arise out of such contract against the corporation.

2. **Corporations—Dissolution—Evidence.**

The evidence in this cause examined, and held, sufficient to sustain the judgment of the trial court.

(Syllabus by Pryor, C.)

Error from District Court, Tulsa County; Conn Linn, Judge.

Application for the dissolution of the Northrop-Bell Oil & Gas Company, with objection by Thomas A. Bell, a shareholder. Objection overruled, and corporation dissolved, and Bell appeals. Affirmed.

H. B. Martin and R. A. Reynolds, for appellant.

West, Sherman, Davidson & Moore, for appellee.

Opinion by PRYOR, C. This appeal arose out of an application made on the 30th day of March, 1915, for the dissolution of the Northrop-Bell Oil & Gas Company, and the objection to the dissolution of said company made by Thomas A. Bell, a shareholder in the company. The application states that at a regular meeting of all of the stockholders of the company on the 2d day of March 1916, a resolution was passed by a two-thirds vote of the stockholders to dissolve said company. Thereupon notice was given of the application and hearing thereon. There is no objection made as to the regularity of the proceedings for the dissolution of said corporation.

Thomas A. Bell filed his objection, stating that he is a stockholder, and has a claim against the said company, and objects to the dissolution of the corporation on the ground that it would be in violation of his rights. The claim of Thomas A. Bell is based upon a contract entered into between Thomas A. Bell, Mary S. Northrop, and Murray S. Northrop. The contract provided in effect that whereas Mary S. Northrop had advanced the company $35,000 with which it had purchased certain oil producing property in Tulsa county, and that Thomas A. Bell and Murray S. Northrop had agreed to bear the burden of the care, management, and control of said property, and the Northrop-Bell Oil & Gas Company should repay the said sum of $35,000 to the said Mary S. Northrop, advanced by her in the purchase of said property, and that when said sum was repaid to her she should immediately deliver to the said Thomas A. Bell and Murray S. Northrop 23 shares each of the capital stock of said Northrop-Bell Oil & Gas Company, or in the event the property of said corporation was sold, that out of the proceeds she should be paid the $35,000 advanced by her, and the remainder, if any, should be divided between the three parties in the proportion of 52 per cent. to Mary S. Northrop and 24 per cent. to each Thomas A. Bell and Murray S. Northrop. The capital stock of the corporation was $10,000, divided into 100 shares of the value of $100 each. Mary S. Northrop held 98 shares of the stock, and Murray S. Northrop and Thomas A. Bell held one share each.

The trial court overruled the objections of Bell, and rendered judgment dissolving said corporation. Bell appeals.

Whatever right or claim the plaintiff attempted to establish in the trial of this

cause arises out of and by virtue of the contract above referred to. This contract is between Thomas A. Bell, Murray S. Northrop, and Mary S. Northrop, and the corporation is not a party thereto, and no demand or claim could arise by virtue of the contract against such corporation which would prevent the dissolution of said corporation.

Cause No. 8829, Thomas A. Bell v. Northrop-Bell Oil & Gas Co., a corporation, Mary S. Northrop and Murray S. Northrop, 69 Okla. 232, 171 Pac. 1115, was an action in the trial court whereby Thomas A. Bell attempted to establish a demand against said corporation involving the same contentions as to his rights as he seeks to establish in this cause. This cause and cause No. 8829 were tried together in the trial court. In that case the trial court held that the evidence of Thomas A. Bell in support of his objection to the dissolution of said corporation was insufficient to establish any demand or claim against said corporation such as would prevent the dissolution of said company.

There being no objection to the dissolution of this company other than the demand claimed by the said Thomas A. Bell, which was repudiated in the other action on the same evidence that was produced in this action, which the trial court and this court held insufficient to establish any claim, the judgment of the trial court dissolving the corporation should be affirmed.

By the Court: It is so ordered.