MORELAND et al. v. SHAFFER et al.

No. 30096. Sept. 9, 1941.

Rehearing Denied Sept. 30, 1941.

*117 P. 2d 118.*

H. C. Ray, of Idabel, for plaintiffs in error.

Tom Finney, of Idabel, for defendants in error.

OSBORN, J. J. T. Moreland and W. A. Moreland, hereinafter referred to as plaintiffs, instituted this action in the district court of McCurtain county against Cleo C. Shaffer and Florence Shaffer, hereinafter referred to as defendants, wherein it was sought to obtain possession of a tract of land consisting of 8.92 acres and to quiet title thereto. Defendants by their pleadings conceded that plaintiffs' title was superior to their own, but alleged that they were entitled to relief under the Occupying Claimants Act (ch. 3, art. 8, O. S. 1931, 12 Okla. St. Ann. § 1481. From a judgment in favor of the defendants for the value of improvements placed upon the property, plaintiffs have appealed.

Plaintiffs alleged that they were the owners of fee-simple title to the property involved, having acquired title by warranty deed from the direct heirs of the patentee. Defendants' title was derived by a quitclaim deed from the holder of a resale tax deed on the property. Prior to the date of said quitclaim deed, the tax deed had been declared invalid by the district court of McCurtain county. By their amended answer, defendants admitted that plaintiffs' title to the property was superior to their own, but alleged that they were in possession of the property under color of title and had made and erected certain permanent and lasting improvements upon the property, consisting of an orchard, trees, shrubs, fences, a modern dwelling house and other outhouses. It was alleged that the value of these improvements was $5,152.38; that the purchase price paid by plaintiffs for the land was less than $400 and that the value of the land without improvements would not exceed the sum of $125. It was further alleged that defendants occupied the premises as their home, which fact was well known to the plaintiffs when they acquired title to the property. The prayer of the cross-petition was that a jury be empaneled to determine the value of the improvements, and that defendants have judgment for such sum as might be fixed by the jury.

It is conceded that under the procedure provided by the Occupying Claimants Act (sections 742-748, O. S. 1931, 12 Okla. St. Ann. §§ 1481-1487) the duty devolved upon the trial court to determine whether or not the entry upon the land by defendants was in good faith and under color of title, and that it was the province of the jury to determine the value of the improvements placed thereon.

In this jurisdiction the question of the rights of an occupying claimant has no place in the trial of an action in the nature of ejectment, and such rights arise only after a title better than that of defendant has been proved and after judgment has been entered against the defendant. Scott v. Potts, 60 Okla. 228, 159 P. 932; Wolcott v. Smith, 33 Okla. 249, 124 P. 971; Harper v. Stumpff, 84 Okla. 187, 203 P. 194. In the instant case, however, defendants by their pleadings admitted that their title was inferior to that of plaintiffs; therefore, no question of title was involved and the court had authority and jurisdiction to proceed to determine the rights of defendants as occupying claimants.

As one ground for reversal it is argued that the judgment is erroneous for the reason that the improvements were placed upon the property while title to an undivided one-half interest therein was held by one Willis L. Pearce, Jr., a minor, who was a direct descendant of the patentee. The record discloses, however, that after said minor was of age he joined in the execution of the warranty deed to plaintiffs, thereby divesting himself of any interest in the property. Any issue, therefore, predicated upon the minority of said grantor is out of place here.

Other assignments of error relate to the sufficiency of the evidence to sustain the findings of fact. The trial court found that defendants' title was derived by quitclaim deed from the holder of a resale tax deed on the property; that on March 27, 1935, the date of said quitclaim deed, defendants entered into quiet, peaceable, open, and notorious possession of the property believing that they had title thereto, and in good faith made and erected lasting and valuable improvements on said land and paid taxes thereon from 1931 to and including the year 1938; that said defendants were occupying the land on March 20, 1939, the date of execution of the warranty deed to plaintiffs, and that plaintiffs, at the time they purchased the land, well knew that defendants were occupying the same as their home, were claiming title to said land and had made and constructed thereon lasting and valuable improvements; that the consideration paid by plaintiffs was $450. The court concluded as a matter of law that defendants were entitled to have a jury determine the value of the improvements and to receive full and complete payment therefor and to be reimbursed for all taxes paid on the land before the issuance of a writ of ouster placing plaintiffs in possession of the land. The issues of fact were submitted to the jury upon interrogatories. It was found that the value of the improvements was $3,800; that the value of the land without improvements was $178; that the rental value of the property was $25 per annum. Pursuant to the findings of the jury, judgment was entered in favor of defendants in the sum of $3,772.90, which sum was found to be the excess of the value of the improvements over the value of the rents, damages, and wastes, and included $97 taxes paid by defendants. It was further ordered that if plaintiffs elected to receive the value of the land without improvements, upon tender of a warranty deed to said defendants, defendants should pay to plaintiffs the sum of $178.

We have carefully examined the record and find that there is ample competent evidence to sustain the findings of the court and jury.

The judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and GIBSON and DAVISON, JJ., concur.