WEST NICHOLS HILLS WATER CO. v. AMERICAN-FIRST TRUST CO.

No. 31779. April 24, 1945.

Rehearing Denied May 22, 1945.

*158 P. 2d 691.*

Gilliland, Ogden, Withington & Shirk, of Oklahoma City, for plaintiff in error.

J. Berry King and George J. Fagin, both of Oklahoma City, for defendant in error.

GIBSON, C.J. This is an appeal from a judgment of foreclosure obtained by defendant in error, hereinafter referred to as plaintiff or Trustee, against plaintiff in error, hereinafter referred to as defendant or Company.

The petition of plaintiff filed November 6, 1942, alleges in substance that defendant issued $50,000 of first mortgage serial bonds dated December 1, 1940, payable to bearer at plaintiff's office, said issue being evidenced by a series of 100 bonds, each in the principal sum of $500 bearing interest at the rate of 5% per annum, payable semi-annually on June 1st and December 1st. And that to secure the payment thereof defendant executed to plaintiff as trustee its original and supplemental mortgage deeds of trust covering a waterworks system, the property of defendant. That the entire issue of said bonds was sold and $34,000 thereof were owned by Small-Milburn Company and $16,000 in severalty by J. M. Owen, president of Oklahoma City Federal Savings & Loan Association, Gesina Knoell and V. G. Knoell.

That by the terms of said mortgage deed of trust it was agreed that in event of default of payment of any indebtedness when due the trustee upon written demand of 50 per cent of the holders of such bonds must immediately proceed to declare the principal on said bonds, including interest, due and payable and take possession of said property, have a receiver appointed to operate same and institute foreclosure ac-

tion. That default was made in payment of interest due June 1, 1942. That Small-Milburn Company, holder of more than 50 per cent of outstanding bonds, made demand in writing upon Trustee, as provided in said mortgage deeds of trust, and that in pursuance thereof Trustee declared principal and interest of all indebtedness due and filed this action asking for appointment of receiver and foreclosure, and it is further alleged that defendant had also violated obligations therein detailed other than those mentioned in said demand and that by reason of such breaches trustee was entitled as a matter of right to declare all indebtedness due, and ask for appointment of receiver and for foreclosure.

By direction of the trial court an amendment to petition was filed exhibiting an instrument in writing bearing date of January 26, 1942, purporting to be a contract between G. A. Nichols and others recited to be the individual owners of the capital stock of defendant company as first parties and Small-Milburn Company as second party, wherein it is agreed that second party and associates, owners of 69 of said outstanding bonds, in consideration of the sale to it of 100 shares of the capital stock of said company, would forego demand upon Trustee to declare entire bonded indebtedness due by reason of failure of Company to pay interest coupons that became due December 1, 1941. Such instrument purported to be signed by first parties thereto and not signed by the second party. It is alleged in said amendment that said instrument was received by plaintiff's attorney through the mail from defendant's attorney, and that plaintiff Trustee was not a party to any such agreement, was without knowledge whether same was made, and averred that if same were made it in no wise varied the terms of the mortgage deeds of trust or qualified or impaired the right of plaintiff as Trustee to maintain this action.

Defendant interposed motions to make

Small-Milburn Company a party to the action, which were overruled, and thereafter, on July 24, 1943, filed its answer and cross-petition. By the answer it was alleged that there was nothing due Small-Milburn Company as holder of bonds and by reason thereof it was without authority to make said demand upon said Trustee and the latter was not authorized to prosecute this action on behalf of said Small-Milburn Company. By its cross-petition it is alleged that Small-Milburn Company breached its contract with stockholders of defendant company — same being the contract made an exhibit to plaintiff's petition by amendment as hereinbefore mentioned — and that by reason thereof defendant Company had been damaged in the sum of $22,500, and prays that, in event plaintiff's action be not dismissed for want of authority in plaintiff as Trustee to maintain same, it have judment against Trustee for the amount of damages sustained, same to be deducted from the amount owing Small-Milburn Company as a bondholder, and in the alternative that Small-Milburn Company be made a party to the action in order that rights between it and defendant be determined to the end that the amount decreed Small-Milburn Company be decreased to the extent of the amount found owing defendant.

On motion of plaintiff, the cross-petition was stricken, and thereupon plaintiff filed its reply to the answer, which, in addition to a general denial, alleged further defaults in payment of interest coupons occurring since the institution of the action amounting to $3,500, and prayed that judgment be rendered for the aggregate of $53,750 instead of $51,250 previously prayed.

By an amendment to its answer made November 13, 1943, defendant alleged that Small-Milburn Company, a foreign corporation, was at all times mentioned in plaintiff's petition doing business within the State of Oklahoma without having complied with the laws

thereof with reference to foreign corporations doing business within the state, and that by reason therof its contracts were void, no lien obtained for its benefit under said mortgage deeds of trust, and that Trustee or its agent was without authority as plaintiff to maintain this action, and says the fact of said corporation's noncompliance with said laws was unknown to defendant until immediately before filing such amendment. Plaintiff filed reply denying generally the allegations of the amendment and specifically denying that it is prosecuting the action on behalf of a particular bondholder only.

The cause was tried to the court, and on findings of fact and conclusions of law made and filed, judgment was awarded plaintiff for the amount sued for and decree of foreclosure entered. Motion for new trial was overruled. Appeal was taken without supersedeas.

The alleged errors of the trial court relied on for reversal are presented under three propositions.

### Proposition I.

"The court made error in not requiring the foreign corporation to be made a party to the suit by proper order, as the foreign corporation was deeply and greatly interested, and as the foreign corporation was the only bondholder demanding or requesting that suit be filed."

In support of this proposition various statutes and decisions of this court are cited to the effect that all persons having an interest, legal or equitable, in the subject matter are necessary parties. This doctrine, though sound, has no application where, as here, the interest in question is subject to the jurisdiction of the court and the owner thereof without more will be bound by the judgment of the court.

It has long been recognized that bondholders are not necessary parties to a suit to foreclose a mortgage wherein a trustee represents the bondholder. Vose v. Bronson, 6 Wall. 452, 18 L.Ed. 846; Chicago, R. I. & P. R. Co. v. Howard, 7 Wall. 392, 19 L.Ed. 117; Kerrison v. Stewart, 93 U.S. 155, 23 L.Ed. 843; Richter v. Jerome, 123 U.S. 233, 31 L. Ed. 132; Jones on Bonds and Bond Securities, vol. 2, 1165.

In the bonds involved here it is expressly provided: "All rights of action on this bond are vested in the trustee."

The emphasis placed on the fact of the demand by Small-Milburn Company as reason for making it a party is meaningless except that it tends to recognize the fact that the right of action is in the Trustee.

The court committed no error in refusing to make Small-Milburn Company a party to the action.

### Proposition II.

"The court erred in striking the cross-petition for the reason that the cross-petition set up a complete defense insofar as this action is concerned."

The cross-petition is based solely upon alleged rights growing out of the purported contract between the stockholders of defendant company and Small-Milburn Company. The record does not disclose that the instrument was executed by Small-Milburn Company. Such execution is averred in the cross-petition and for the purpose of review we accept such averment to be true.

In support of this proposition it is first urged in substance that by reason of said contract Small-Milburn Company could not lawfully make said demand on the Trustee and therefore Trustee was not authorized to maintain the action. Though not definitely included in the proposition, it is next urged that if notwithstanding the want of demand the action is held by the court to continue, defendant is entitled to have the issue of damages between it and Small-Milburn Company determined in the instant action and it be awarded judgment either against the Trustee as representative of Small-Milburn Company or against the latter, to be impleaded therefor, and such

judgment offset against the amount of bonded indebtedness held by Small-Milburn Company. These contentions require separate consideration.

The trial court, over the exception of defendant, found as follows:

"7. That under the provisions of section 4 of article III of the mortgage deed of trust if defendant fails to pay or cause to be paid promptly when due all or any of the bonds or the interest thereon secured by said mortgage deed of trust the plaintiff as trustee is entitled at its option and election and without prior notice ot or demand upon the defendant to declare the principal on the bonds including interest immediately due and payable, and thereupon the same shall become and be immediately due and payable, and authorized foreclosure proceedings to be brought.

"8. That by virtue of such demand and by virtue of the authorization in plaintiff at its own option and election all as provided for in section 4 of article III of said mortgage deed of trust, the plaintiff herein on the 4th day of November, 1942, declared the principal on the bonds including interest immediately due and payable, and this suit was brought to foreclose the property mortgaged in the mortgage deeds of trust."

The authority of the Trustee to act independently of a demand is shown by the following excerpts from the provisions of article III, section 4:

". . . in event the Company fails to pay or cause to be paid promptly when due . . . all or any of the bonds secured hereby, or the interest thereon . . . the Trustee shall be entitled at its option and election and without prior notice to or demand upon the Company (but, upon written demand of fifty per cent (50%) of the holders of bonds then outstanding, the Trustee must immediately proceed), to declare the principal on the bonds . . . including interest . . . immediately due and payable (and thereupon the same shall become and be immediately due and payable) . . ."

That the Trustee is proceeding on the strength of his authority independently

of the demand as well as in pursuance thereof, as found by the court, is fully sustained by the record, and it follows that the refusal of the trial court to entertain the cross-petition on said ground was not error.

In order to maintain the cross-action against the plaintiff Trustee it is evident there must appear (a) the right of defendant to sue thereon, and (b) the liability of plaintiff thereunder. If these coexist, it must further appear that (c) the question involved is germane to the controversy herein and (d) the claim is of the class which under the law may be interposed.

The contract, for the breach of which damages are claimed, was executed, not by the defendant corporation but by its stockholders in their capacities as such. Such was not the act of the corporation. In Re Northrop-Bell Oil & Gas Co., 69 Okla. 231, 171 P. 1116, we said:

"A contract between certain stockholders of a corporation to which the corporation is not a party does not bind the corporation, and no demand can arise out of such contract against the corporation."

Without more there would be no right of action on the contract vested in the defendant. If we assume that the contract was so far approved, ratified, or acted upon by the corporation as to make it a party thereto by way of estoppel, it can obtain no rights thereunder that would be contrary to public policy or the rights of creditors. Bass & Harbour Furniture & Carpet Co. v Harbour, 42 Okla. 335, 140 P. 956.

The right of defendant, claimed under said contract, and upon the breach of which the cross-petition is founded, is the agreement of Small-Milburn Company to forego its right to make said demand on the Trustee. And the suggestion of breach is that Small-Milburn Company "in direct violation of its contract and agreement herein gave notice and written demand as plead by the plaintiff herein."

Such a contract, however good the in-

tention, is necessarily subordinate to, and to the extent of any conflict is in contravention of, rights obtaining under the mortgage, because if in such case a demand by a majority of the bondholders were a condition precedent to action by the Trustee, the rights of minority bondholders would necessarily be imperiled. In the instant case, however, the Trustee, as we have seen, is empowered to proceed without demand, and hence the waiver or non-waiver is of no importance as to the right of Trustee to maintain the instant action unless the Trustee upon some theory is bound thereby. See Las Vegas Ry. & Power Co. v. Trust Co., 15 N. M. 634, 110 P. 856.

Here, the Trustee was not only not a party to the contract relied on but could not in good faith have been a party thereto by reason of the terms of the mortgage. The concluding paragraph of section 4 of article III is as follows:

"The Trustee may, with the consent of fifty per cent (50%) of the holders of bonds then outstanding waive any default hereunder other than a default in payment, as and when due, of principal or interest upon such indebtedness."

As a matter of fact no difference in the duty of the Trustee would have obtained even if Small-Milburn Company by reason of said contract had declined to make the demand and actually opposed action. See Gay et al. v. Hudson River Electric Power Co. et al., 184 Fed. 689.

From this and what has been previously said it follows not only that the Trustee had the right to proceed without regard to the demands or commitments of Small-Milburn Company and was not expressly or impliedly a party to said contract, but also that defendant, being maker of said mortgage, is estopped to assert that the right of Trustee to foreclose is qualified by said contract.

Such being true, there can be no liability on the Trustee as such to defend-

ant, and without liability there is no basis for counterclaim. In Braden v. Gulf Coast Lumber Co., 89 Okla. 215, 215 P. 202, we declared:

"The validity of a counterclaim is to be determined by the inquiry whether or not the substance of the facts stated would constitute a cause of action on behalf of the defendant against the plaintiff, if the plaintiff had not sued the defendant."

The right of action of Company against Small-Milburn Company for breach of contract, which we accept as existing only for the purpose of this review, cannot stand as a counterclaim. It is elementary that a cause of action by way of a counterclaim must be germane to the original controversy, that is, the matter of the counterclaim must be involved in a proper determination of the matter which is the subject of the original controversy. Frenn v. Nabours, 177 Okla. 428, 60 P. 2d 386; Tracey v. Crepin, 40 Okla. 297, 138 P. 142.

The third proposition is as follows:

"The foreign corporation operating in violation of law is denied the right to bring this action and it cannot do indirectly through a trustee what it cannot do directly."

It was found by the court that both before, after, and at the time of the purchase of the bonds by Small-Milburn Company, such corporation, which was organized under the laws of the State of Kansas, had not qualified to do business in Oklahoma, but did do business therein in violation of the Constitution and laws of the state, until after the institution of this action. The finding of trial court touching time of domestication with reference to that of this action is as follows:

"That this suit was filed on November 6, 1942. That Small-Milburn Company was domesticated in Oklahoma on July 2, 1943, and appointed a service agent on said date. That the defendant's contention as set out in paragraph number 9 herein was first interposed in this action in the form of an amended

answer filed November 13, 1943. That Small-Milburn Company had complied with the laws pertaining to the right to do business in Oklahoma prior to the time defendant herein made such defense in this action. Excepted to by defendant and exception allowed."

This proposition challenges the right of the Trustee to maintain this action on the theory that same being for the use and benefit of Small-Milburn Company, the capacity of the Trustee to sue is to be measured by the same standard that would apply if such company were the plaintiff.

There is much evidence that Small-Milburn Company bought and sold municipal and U. S. Government bonds in Oklahoma and maintained a place of business in this state before it domesticated here, but as to the transaction wherein Small-Milburn Company purchased the bonds of the defendant, sued on herein, the evidence is conclusive that except for some preliminary negotiations had in Oklahoma City the bonds were delivered by an officer of defendant to Small-Milburn Company at its office in Wichita and payment for the bonds was made in its Wichita office. It is also conclusively shown that Small-Milburn Company's Tulsa office had nothing whatsoever to do with the purchase of the bonds in question.

In these circumstances it is doubtful if the statutes (Title 18 O.S. 1941 §§ 451, 452, 453, 454) have any application, for even if it be said that Small-Milburn Company is the real party plaintiff, the contract sought to be enforced was consummated in the State of Kansas. However, in view of our conclusion herein it is unnecessary to decide that question.

And in view of the fact the bonds secured were payable to bearer and by their express terms all rights of action thereon were vested in the Trustee, who by the terms of said mortgage was empowered to sue independently of any demand by bondholders, it becomes a serious question whether the maker of such notes, who therein prescribed that the right of the Trustee to sue thereon should be superior to that of the holder, is in a position to later assert such right of Trustee to sue is derived from and thus subject to the limitations on the right of Small-Milburn Company, the holder of a portion of such bonds. However, having reached the conclusion that the defendant company is foreclosed of its right to interpose such defense, and that such foreclosure obtains without regard to whether the right of Trustee to sue be original or derivative as contended, we deem it unnecessary to determine that question.

The contract is not void (M. S. Cohn Gravel Co. v. Southern Surety Co., 129 Okla. 171, 264 P. 206). By the terms of the statute (18 O.S. 1941 § 454) the courts are inhibited against enforcement only "in favor of the corporation." There is no contention here that the contract is void, but it is urged on strength of cited case that failure to domesticate previous to the making of the contract constitutes a complete defense to its enforcement if such failure is pleaded by way of defense and, that too, notwithstanding domestication was had subsequently and before such defense is tendered. This nature of the contention is reflected by the following language quoted from brief on defendant's behalf:

"There is no effort to rescind the contract. The only thing the defendant has ever attempted to do in this case was to plead non-domestication as a defense, not against the contract in the ordinary sense of a contract but against the claim and demand of Small-Milburn Company made through its Trustee."

Thus the question resolves itself into the right or capacity of Trustee as representative of Small-Milburn Company and others to prosecute the action; and it is well to remark that by reason of its subsequent domestication it can occupy no less favorable right than it would if there had been no domestication.

In Kibby v. Cubie, Heimann & Co.,

41 Okla. 116, 137 P. 352, defendant in error, a foreign corporation, sued Kibby, plaintiff in error, a citizen of Oklahoma, to recover on contract. There was filed an answer and cross-petition for damages. Thereafter, before trial was closed, Kibby, over objection, obtained leave and filed the following supplemental answer:

"Comes now the defendant herein, C. F. Kibby, and for answer to the petition of plaintiff herein files this amendment to his original answer and counterclaim herein, leave of the court having been first had and obtained, and states that the plaintiff herein should not be allowed to maintain this cause against defendant, and that said case should be by said court dismissed for the reason that the petition shows upon its face that the plaintiff is a foreign corporation, and that the contract for the exploitation and sale of plaintiff's goods in the State of Oklahoma, and that said petition does not allege nor aver that said corporation has complied with the laws of the State of Oklahoma with reference to foreign corporations as provided by Snyder's Statutes of Oklahoma, being sections 1541, 1542, and 1543. Further, that defendant avers and alleges that said corporation has not complied in manner or form with the sections of Snyder's Statutes of the Compiled laws of the State of Oklahoma, as above set out."

A general demurrer was interposed to the supplemental answer and same was sustained by the court. In reviewing the action of the trial court this court said:

"It is clear from the record that the ruling of the court in sustaining the demurrer to this supplemental answer was correct, and may be sustained on any one of a number of grounds.

"First. The supplemental answer was not filed until after the defendant had answered to the merits, and thereby admitted the capacity of the plaintiff to maintain the action. As was said by Mr. Justice Hayes, in rendering the opinion of the court in Jantzen v. Church, 27 Okla. 473, at page 475, 112 P. 1127, at page 1128 (Ann. Cas. 1912C, 659):

"'By pleading to the merits, and without raising the question of plaintiff's capacity, he admitted its capacity to maintain the action.'

"See, also, White Sewing Machine Co. v. Peterson, 23 Okla. 361, 100 P. 513; Engle v. Legg, 39 Okla. 475, 135 P. 1058."

Herein, on July 29, 1943, the defendant, without challenging the right of the Trustee to maintain such action, filed its answer on the merits and its cross-petition wherein there is pleaded a contract between it and said Milburn involving, among other things, the rights of said Small-Milburn Company as holder of a portion of such bonds, and alleging a breach of such contract by said Small-Milburn Company and asking judgment against the Trustee as representative of Small-Milburn for damages, to be deducted from the amount owing said Small-Milburn as holder of a portion of such bonds and in the alternative that Small-Milburn Company be made party to the cause in order that their rights be determined therein.

Upon motion said cross-petition was stricken by order of court on October 11, 1943, and thereafter on November 13, 1943, the supplemental answer interposing the defense of failure to domesticate was interposed.

It is evident here not only that the jurisdiction of the court to entertain the petition was recognized but also that it was invoked on the merits of the subject matter and that the same was challenged only after its exercise proved unavailing.

The judgment is affirmed.

HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, and DAVISON, JJ., concur.