Lotta GIBBONS, formerly Vernon,
Plaintiff in Error,

v.

Joanna FOSTER, an incompetent person, by
A. B. Foster, her guardian, substituted in
the name of Harry Coday, Administrator
of the Estate of Joanna Foster, deceased,
et al., Defendants in Error.

No. 36624.

Supreme Court of Oklahoma.

April 17, 1956.

Watts & Youree, Wagoner, for plaintiff in error.

E. J. Broaddus, Wagoner, for defendants in error.

HUNT, Justice.

On December 7, 1948, Joanna Foster, an incompetent person, by A. B. Foster, her guardian, filed her petition in the District Court of Wagoner County against Lotta Gibbons, et al., alleging that she was the legal and equitable owner of certain described improved real property situated in the Town of New Coweta; that said property was sold at the 1939 tax resale to the county and thereafter said property was purchased from the county by defendant Lotta Gibbons and deed therefor from the county to said purchaser was recorded; that plaintiff desired to redeem said property and tendered into open court all taxes, penalties, interest, and costs; that said resale tax sale and the deed based thereon were null and void because the notice included the fourth installment of 1938 taxes which were due but not delinquent on the date of the publication of said notice; that defendant had been in possession of the property since October, 1939, and had collected rents therefrom, for which she should account to plaintiff; and prayed judgment allowing plaintiff to redeem the property from the tax sale or in the alternative that the tax sale and deed thereon be adjudged null and void, that she be given immediate possession of the property and her title therein quieted, and recovery for the use and possession of the property from October, 1939, with interest. Before defendants had filed any pleading in the cause (but after answer date) on February 26, 1949, motion for revivor of action was filed by A. B. Foster, administrator of the estate

of Joanna Foster, deceased, stating that Joanna Foster had died intestate on December 19, 1948, that he was the duly appointed. qualified, and acting administrator of her estate, and asking that this action be revived in his name as plaintiff; order of revivor was entered on the same day reviving the action in the name of A. B. Foster as administrator. Thereafter, in June, 1949, defendant Lotta Gibbons filed demurrer alleging that the court had no jurisdiction of the subject matter of the action and for that reason no jurisdiction of the demurring defendants and that plaintiff's petition failed to state a cause of action. This demurrer was overruled on the same day it was filed and order overruling entered; on October 1, 1949 motion to substitute party plaintiff was filed by Harry Coday, administrator of the estate of Joanna Foster, deceased, stating that A. B. Foster, because of ill health, had resigned as administrator and movant had been duly appointed and qualified in his stead, and asking that he be substituted as party plaintiff in the cause; on the same day order substituting party plaintiff was entered, which recited that movant appeared by his attorney and defendants by their attorney; no exception to this order was taken by defendants; the Board of County Commissioners and the County Treasurer filed answer admitting the invalidity of the resale tax proceedings and asking that the court adjudge the amount of all delinquent taxes, penalties, etc. against the property and that the liens for such amounts remained unimpaired; defendants Lotta Gibbons and her tenants filed answer denying that Joanna Foster was an incompetent and that A. B. Foster was her guardian, admitted her death but denied that Harry Coday was the administrator of her estate, admitted that Lotta Gibbons purchased the property in question at tax sale and asserted the validity of the deed, alleging that if it be decreed that Joanna Foster was insane and had the right of redemption that defendant be allowed credit for all items expended by her as occupying claimant against the income received therefrom by her, and praying that plaintiff be required to make full tender reimbursing her for all such expenditures in event plaintiff were allowed to redeem.

The case came on for trial on January 14, 1950; it was stipulated that Joanna Foster was adjudged an insane person in 1923 and incarcerated in the State Hospital at Vinita until December, 1924; that A. B. Foster, her husband, was appointed in 1923 as her guardian and remained such until her death; that said incompetent died on December 19, 1948, and A. B. Foster was appointed administrator of her estate; that said A. B. Foster resigned as administrator and Harry Coday was appointed administrator in his place and qualified as such; that Joanna Foster was never restored to competency by any order of court; defendants then objected to the jurisdiction of the court on the ground that redemption from tax sale must come through the County Treasurer; this objection was overruled; plaintiff then offered in evidence the various proceedings had in the 1939 tax resale and the notice thereof which showed on its face that the last quarter of 1938 taxes were included therein and were not delinquent at the time of the first publication of the notice; oral testimony of a witness, who had formerly worked in the County Treasurer's office was introduced showing the correct calculation of the taxes and penalties due to the date of the first publication of notice of tax resale and that the last quarter of 1938 taxes were included therein; itemized list of all the rents which had been collected by defendant Gibbons to that date, December 8, 1949, was introduced, together with statement of the amounts expended by her as expenses; the daughter of Joanna Foster testified that her mother's mental condition had remained the same from the time she went to the insane asylum until her death; plaintiff rested. Defendant then testified as to the amount she had paid the county for the tax deed which she had bought.

No further proceedings were had in the case until February 20, 1954, when the defendant Lotta Gibbons filed her "Trial Amended Answer", and later, on March 13, 1954, at which time defendant Lotta Gibbons requested permission to withdraw her

"Trial Amended Answer" and leave to file a demurrer to plaintiff's petition on the ground that it failed to state a cause of action and because of the bar of the statutes of limitation of one, two and five years, because no redemption had been made to the County Treasurer, and demurrer to plaintiff's evidence; this permission was granted and demurrer was overruled; defendant then filed motion to dismiss on the ground that the court had no jurisdiction of the parties and the subject matter because there was no legal service of notice in the guardianship proceedings of the incompetent and therefore no legal guardian who could maintain the action, no proper tender to pay the taxes nor any plea of redemption from the County Treasurer and no tender to the County Treasurer; this was overruled and defendant was then given permission to re-file her "Trial Amended Answer", which in addition to the allegations theretofore made in her answer denied "that Harry Coday was and is administrator of her (the incompetent, Joanna Foster) estate, but if so, the plaintiff cannot revive his action as administrator in lieu of deceased representatives, A. B. Foster, Leona Sarty, her husband and daughter, and other heirs if living"; defendant then introduced, over the objections of plaintiff, the proceedings had in the guardianship of Joanna Foster; the case was then continued for testimony on the part of defendant as to the amounts of rents collected from the property to date and the value of improvements made by her; at the subsequent hearing on March 20, 1954, no further evidence was put on but defendant made demand that plaintiff be required to pay into court the full amount of his tender the same as if he were redeeming in proceedings before the County Treasurer; the court stated that such tender would be required after giving credit to plaintiff for the rents and profits received by defendant and the equities thus adjusted; the court then held that the tax sale and proceedings held thereunder were void; that the question as to the appointment of the guardian was a collateral attack upon proceedings of the County Court and such proceedings were not subject to attack in this case; that the tax deed was void and the

same was cancelled by judgment, and, the defendant desiring to appeal from such ruling, the court would reserve the matter of adjustment of the equities as to taxes, expenses, and improvements paid by defendant and the offset of rents and profits received by her, and, if there was found to be any equity in favor of defendant, at that time the tender of plaintiff would be required to be made good. Journal entry of judgment was entered in accordance with such rulings. From order overruling motion for new trial defendant appeals.

Defendant first contends that upon the death of a plaintiff, under 12 O.S.1951 § 235, and as held by this court in Chouteau v. Hoss, 118 Okl. 76, 246 P. 844 and Hightower v. Glenn, 198 Okl. 428, 179 P.2d 127, an action to recover possession of real estate must be revived in the names of the heirs, not in the name of the administrator.

 It will be noted from the above detailed statement of facts that defendant was present and made no objection when the order was entered substituting Harry Coday, administrator, as party plaintiff in lieu of A. B. Foster, administrator. At no time did defendant make objection to the administrator as the proper party plaintiff until after full trial on the merits when she filed her "Trial Amended Answer", set out above. Under the wording of that "Trial Amended Answer" it is impossible to determine whether defendant was attempting to plead that Harry Coday was not a proper party because he was not the duly appointed administrator (defendant had stipulated at the trial that he was), whether he was not a proper party because an administrator in such a case as this is not the real party in interest, or whether he was not a proper party because an administrator in a case such as this has no capacity to sue. In any event, defendant's objection on that score came too late. As we said in J. E. Crosbie, Inc., v. Fisher, 188 Okl. 415, 109 P.2d 1075:

"Objection that an action is not being prosecuted by the real party in interest should be raised by demurrer, where the pleading discloses such fact, and by answer where it does not, if such condition is known to the party entitled to object, and if not so taken under con-

ditions above set forth, it will be deemed to have been waived. Shick v. Enid Clinic, 184 Okl. 484, 88 P.2d 329."

The defendant was aware at all times, and prior to the first pleading filed by her, that the cause had been revived in the name of the administrator and made no objection until after trial on the merits—if it can be said that her "Trial Amended Answer" actually raises such question.

As to the question of lack of capacity to sue, see West Nichols Hills Water Co. v. American First Trust Co., 195 Okl. 428, 158 P.2d 691, 697, wherein we held that:

"'"By pleading to the merits, and without raising the question of plaintiff's capacity, he admitted its capacity to maintain the action."'"

This was a quotation from Jantzen v. Emanuel German Baptist Church, 27 Okl. 473, 112 P. 1127, Ann.Cas.1912C, 659, and other cases to the same effect are therein cited. See also Pioneer Telegraph & Telephone Co. v. Davis, 28 Okl. 783, 116 P. 432, which holds when no objection as to the mode of revival is made until after pleading to the merits and trial of the case such defect is waived.

Defendant next contends that this action was instituted originally by plaintiff as guardian of Joanna Foster; that notice was not served in the proper manner by the proper person upon the incompetent; therefore the appointment of the guardian was void and plaintiff was without authority to institute the suit.

This, of course, is the same question presented and answered above; however, we might point out in passing that this is also a collateral attack on a judgment of the County Court; that judgments of a County Court are as immune to collateral attack as those of the District Court, Powers v. Brown, 122 Okl. 40, 252 P. 27; that a third party cannot impeach a judgment, Cook v. First Nat'l Bank, 110 Okl. 111, 236 P. 883; and that such an order as here is valid and binding until set aside in proper proceedings. Short v. Dunn, 180 Okl. 21, 67 P.2d 18. Further, at the beginning of the trial defendant stipulated that A. B. Foster was the guardian.

Defendant also urges that it was error not to require plaintiff to actually pay, not just tender, all taxes, penalties, and interest due into court as a prerequisite to the entry of judgment in plaintiff's favor. Plaintiff contends if this was an error that defendant invited it by demanding and receiving a continuance as to the accounting for rents and profits under the occupying claimants act, and that thereby payment of the tender into court was made impossible. The amount of tender was fixed by the statute, and this court has held many times that it must be paid into court before rendition of judgment. Also, it is well settled that the rights of an occupying claimant arise only after judgment as to title has been entered against defendant. See Moreland v. Shaffer, 189 Okl. 422, 117 P.2d 118, cited by both plaintiff and defendants. We conclude that defendant's contention on the question of actually paying the tender into court before rendition of judgment cancelling the tax deeds is correct and the trial court, before entering judgment for plaintiff cancelling the tax deeds, should have required the plaintiff to make good her tender by actually paying into court a sum of money equal to all taxes, penalties, interest and costs which she would be bound to pay if she were then redeeming the land involved herein from tax sale, which the record shows was $1,032.45. 68 O.S.1951 § 453; 68 O.S.1951 § 455; 68 O.S.1951 § 360; Adams v. Rogers, 158 Okl. 163, 13 P.2d 170; McLain v. Schuessler, 186 Okl. 365, 98 P.2d 1100; Courtney v. Worley, 181 Okl. 399, 74 P.2d 370; Brown v. Clark, 181 Okl. 473, 74 P.2d 933.

As we have found, supra, the judgment of the trial court was in all other respects free from error so as to merit affirmance. The only error was in reference to the time when the tender should be made good.

Therefore, the judgment appealed from is affirmed, conditioned that the plaintiff shall forthwith make her tender good by paying into the court the said sum of $1,032.45, being the taxes, penalties, interest

and costs which she would be bound to pay if she was then redeeming the land involved herein from tax sale, the sum so deposited to remain in the court until all issues are determined. Thereupon the trial court may set for hearing and hear and determine the reserved matter of adjustment of the equities between the parties as to expenses and improvements and rents and profits, and the total amount of taxes due the defendant, Wagoner County at date of judgment. Provided, however, if the plaintiff shall fail for twenty days to make good her tender as aforesaid, then and in that event the judgment appealed from shall stand reversed, and the cause stand for retrial, subject to being dismissed if plaintiff fails to comply with the trial court's order to make good her tender before retrial.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.